## ALTA VISTA CREAMERY CO. v. JACKSON.

### No. 2793.

Court of Civil Appeals of Texas. Waco.

April 22, 1948.

Rehearing Denied May 13, 1948.

Bryan, Stone, Wade & Agerton, of Fort Worth, J. C. Lumpkins, of Waxahachie, and G. W. Parker, Jr., of Fort Worth, for appellant.

Lynn B. Griffith and Lem Wray, both of Waxahachie, for appellee.

TIREY, Justice.

This is an appeal by Alta Vista Creamery Company, a corporation, a resident of Tarrant County, Texas, from a judgment overruling its plea of privilege.

Point 1 is: "It was error to overrule the plea of privilege where appellee sued for conversion of a McCormick-Deering milk cooler which he alleged he owned, but the proof was as to the conversion of a General Electric cooler in which he owned a one-half interest."

Point 2 is: "Venue must depend upon the petition and a different cause of action may not be set up in the controverting affidavit."

The appellee by his petition sought (1) to recover of defendant approximately $1000 alleged to be due and owing him by the defendant for certain hauling; (2) for reimbursement for money paid out by him covering repairs he made to a truck owned by defendant and furnished to him in his work; and (3) for the conversion in Ellis County of a McCormick-Deering Milk Cooler.

The allegations in plaintiff's petition pertinent to the charge of conversion are "that the plaintiff would show that on or about March, 1947, the defendant came to the premises of the plaintiff and did pick up some of the equipment of another person and did take and carry away one McCormick-Deering Milk Cooler, which the plaintiff had purchased himself; and though the agents, servants and employees of the defendants did take said milk cooler, same was plaintiff's and they had no right or authority to carry same away, but that they did remove same to the plaintiff's damage in the sum of $680.00. The plaintiff would further show that the defend-

ant's agents, servants and employees by force took his milk cooler from his premises without his authority and the reasonable cash market value of same on or about said date was $680.00."

Pertinent to this discussion, appellee's controverting affidavit alleged substantially that his cause of action was founded on a trespass committed against him and his personal property by the defendants in Ellis county, the county of his residence; and since said property was in his possession and was converted by defendant in Ellis county without his consent, venue of his cause of action was in Ellis county by virtue of subdivision 9 of Art. 1995, Vernon's Ann.Civ.Stats. The affidavit further alleged in part: "In plaintiff's original petition, said milk cooler was inadvertently and erroneously described as a 'McCormick-Deering' Milk Cooler, but in truth and in fact the same was a General Electric Milk Cooler, which plaintiff owned one-half, and which was converted by said defendant as aforesaid, but defendant knows that such cooler was and is a General Electric Milk Cooler."

No exceptions or objections were filed by defendant to the original petition or the controverting affidavit. On trial plaintiff adduced testimony to the effect that he owned a one-half interest in a milk cooler located on a farm in Ellis county where he operated a dairy; that the milk cooler in question was a General Electric; that he and his father-in-law bought it from the Cleburne Hardware Company; that it cost them between five and six hundred dollars; that they had added a new motor to it costing "about $35.00 or $50.00"; that defendant's agent and representative, in March 1947, came to his place in Ellis county and without his consent and over his protest removed the milk cooler from his premises.

After the case reached this court appellant raised for the first time the point that the trial court committed error in overruling its plea of privilege for the reason that appellee in his original petition sued for the conversion of a McCormick-Deering Cooler and his proof showed that the milk cooler was a General Electric, and that appellee owned only a one-half

interest therein. We think that this contention comes too late. See Rule 90, Texas Rules of Civil Procedure; Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598, point 4, and authorities there cited.

Our view is that appellant waived its right on appeal to complain of the variance in the description of the milk cooler as to name only and his one-half interest as owner, as set out in the original petition and in the controverting affidavit. Absent objection, we think that the correction of the description in the controverting affidavit is all that would be required on the trial of a plea of privilege. It is without dispute that the appellee was interested in the General Electric cooler that was bought from the Cleburne Hardware Company; that he had a one-half interest in it; that it was in his possession; and that appellant took it from his possession without his consent. We think the essential venue facts are common to the original petition and the controverting affidavit. See Casebolt v. Waldron, Tex.Civ.App., 160 S.W.2d 309, point 3.

The judgment of the trial court in overruling the plea of privilege is affirmed.