**Mrs. Ed R. MAAS, Sr. and Edwin R. Maas, Jr., Appellants,**

v.

**Owen SMITH, Appellee.**

**No. 12064.**

Court of Civil Appeals of Texas, Austin.

Nov. 21, 1973.

Rehearing Denied Dec. 12, 1973.

Charles C. Smith, Jr., Cameron, for appellants.

Ed P. Magre, Humble & Magre, Cameron, for appellee.

SHANNON, Justice.

This appeal concerns a suit filed in the district court of Milam County by Owen Smith, appellee, against Ed R. Maas for conversion of a number of cattle. Appellants are Mickey Maas, widow of Ed R. Maas, and Ed R. Maas, Jr.[1] Upon trial to the court, judgment was entered for appellee for $2700. We will affirm that judgment.

In March of 1972, Owen Smith was engaged in raising "long-tailed heifers"[2] in Milam County. Smith's operation consisted of buying long-tailed heifers, placing them with bulls, and later selling the heifers as "heavy springers"[3] or as cows and calves. Smith bought the heifers from a cattle buyer, Robert Thigpen. Before delivering the heifers to Smith, Thigpen branded them with Smith's brand, a backward "S" on the right hip.

Smith conducted some of his operation on lands leased from others. One of the places leased was a ninety or ninety-five acre tract in the Briary community near Rosebud. Smith's tract was known as the Robertson place and was adjacent to the Ed Maas place.

In March of 1972, Smith put 120 Hereford-type heifers in the Robertson tract. Smith testified that about April 15, one of his hands, Garland Fikes, saw some heifers with Smith's brand in the Maas pasture. Fikes inspected the boundary fence between the Robertson and Maas places and found a water gap with loose wires and cattle tracks about, indicating that cattle had passed through the gap.

On April 25, Smith counted his cattle and found that he had only 110 head. Smith testified that he saw at least seven of his cattle in Maas' pasture. Four of those cows had calves with black bodies. Fikes identified nine cattle carrying Smith's brand in Maas' pasture. He saw three of those cows nursing three calves. Milam County Sheriff Carl Black saw seven cows in Maas' place carrying Smith's brand, and he said that those cows had two or three calves with them. Also, Smith's evidence was that a black calf results from a cross between an Angus bull and a Hereford cow, and that Smith had Angus bulls and that Maas had only Hereford bulls and cows.

1. Ed. R. Maas died after the lawsuit was filed and before trial.

2. A "long-tailed heifer" is a weaned heifer between the age of thirteen and sixteen months.

3. A "heavy springer" is a heifer nearly ready to calve.

On two occasions Smith told Maas that his cattle were in Maas' place. Each time Maas denied that the cattle belonged to Smith, and on the last visit, Maas ordered Smith from his property.

Appellants' evidence tended to show a different origin of the cows carrying Smith's brand. Willie Kempenski and Frank Kuzinarek, who occasionally helped Maas with his cattle, recalled seeing the seven cows with Smith's brand, as young heifers, as far back as the autumn of 1971. They claimed that they had seen Maas' old cows nursing those heifers. Kempenski testified that Ed Maas had remarked to him that the seven cows, when heifers, had broken through the fence into the Robertson place, had been bred, and that Smith had mistakenly branded them.

Smith testified that he had never branded any cattle on the Robertson place, and that he had not branded any cattle on any of his land near the Robertson place since 1967 or 1968.

Upon request, the court filed findings of fact and conclusions of law, and found that before April of 1972, Ed Maas came into possession of nine head of cattle carrying Smith's brand and owned by Smith. The court determined further that before filing suit, Smith made demand of Maas for the cattle, but that Maas refused to return them, claiming them as his own. At the time Maas declined to return the cattle, three of them had calves, and their reasonable market value was $350 a pair. The reasonable market value of the remaining six head of cattle was $275 a head. The court concluded that Maas converted the cattle in question, and that Smith should recover damages in the sum of $2,700.

Appellants' first point is that there was " . . . a fatal variance between the allegations of . . . appellee's Petition and his proof," while their second point is that "appellee failed to sustain his burden of proof." Smith pleaded, in effect, that Maas converted ten of his cows and their calves. Smith's evidence, concerning the number of cows converted, ranged from seven to nine and the number of calves from two to four. Appellants voiced no objection to this evidence.

Variances between pleading and proof in matters of time, place, or quantity, must be called to the attention of the trial court by objection or be waived. 2 McDonald, Texas Civil Practice, § 5.19 (Rev. Vol.1970), Alta Vista Creamery Co. v. Jackson, 210 S.W.2d 876 (Tex.Civ.App. 1948, no writ), Patrizi v. McAninch, 258 S.W.2d 949 (Tex.Civ.App.1953), rev'd on other grounds, 153 Tex. 389, 269 S.W.2d 343 (1954), Kirkwood & Morgan, Inc. v. Roach, 360 S.W.2d 173 (Tex.Civ.App.1962, writ ref'd n. r. e.). Appellants did not object to Smith's tender of proof of a lesser number of cows and calves than he had pleaded. Appellants thereby waived any complaint which they might have had.

By their other points appellants contend that the findings and conclusion of the court are supported by no evidence, or alternatively, that they are contrary to the great weight and preponderance of the evidence. In a nonjury case the trial court passes on the credibility of the witnesses and the weight given their testimony. If supported by probative evidence, the court's findings of fact will not be disturbed though the evidence may be conflicting. See Calvert v. Union Producing Company, 154 Tex. 479, 280 S.W.2d 241 (1955), 4 McDonald, Texas Civil Practice, § 16.05 (Rev.Vol.1971). From a review of the statement of facts, we are convinced that there is evidence to show that Smith owned the cattle, that Maas had notice of Smith's claim of ownership, that Smith attempted to secure Maas' permission to obtain the cattle, and that Maas refused to return them.

The judgment is affirmed.

Affirmed.