**Dr. Howard SIEGLER, Appellant,**

v.

**Kerry WILLIAMS d/b/a Williams Landscaping and Grass Supply, Appellee.**

No. 01–83–0021–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Jacalyn Scott, Ken Fibich, Houston, for appellant.

Albert Giddens, Kathryn Janes, Houston, for appellee.

Before JACK SMITH, BASS and DUGGAN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal by petition for writ of error from a post-answer default judgment. The appellant has raised fourteen points of error by which he makes four contentions. These contentions are as follows: (1) the trial court erred in overruling the appellant's motion for new trial; (2) the evidence is insufficient to support the judgment; (3) the trial court erred in awarding attorney's fees; and, (4) the trial court erred in entering a default judgment on the appellant's counterclaim.

The appellee filed suit against the appellant on a sworn account alleging that the appellant failed to pay for landscaping services in the sum of $3,462. The appellee further prayed for attorney's fees in the sum of $1,153.88. Attached to the pleadings were several invoices detailing labor performed, supplies and other items, and totaling $3,229.00.

The appellant initially filed a sworn denial as required by Rule 185, but later filed a counterclaim. In his counterclaim, the appellant alleged that the appellee breached express and implied warranties and misrepresented his services, in violation of the Texas Deceptive Trade Practices Act (DTPA).

Although the proceeding was not included in the record, the parties agree that the case was first tried on May 20, 1981. The record does reflect that the court granted the appellant a new trial. The appellant requested a jury and the case was re-set for May 17, 1982. The appellant then requested a continuance which the court granted after the parties agreed to a preferential setting of July 26, 1982.

On July 26, 1982, neither the appellant nor his counsel appeared for trial. The case was tried to the court and default judgment was rendered for the appellee for $3,229.00. Attorney's fees were awarded in the amount of $10,500.00. The court also ordered that the appellant take nothing on his counterclaim.

The appellant's motion for new trial was heard and denied on October 22, 1982. The court filed findings of fact and conclusions of law at the appellant's request.

By his first point of error the appellant contends that the trial court abused its discretion in overruling his motion for a new trial.

■ The judgment taken against the appellant is classified as a post-answer default judgment. *Frymire Engineering Co. v. Grantham,* 524 S.W.2d 680 (Tex.1975). The rules regarding setting aside a default judgment by means of a motion for new trial are applicable to a post-answer default judgment. *Farley v. Clark Equipment Co.,* 484 S.W.2d 142 (Tex.Civ.App.—Amarillo 1972, no writ).

■ A default judgment should be set aside and a new trial ordered where the defendant's failure to answer before judgment or appear at trial, was not intentional or a result of conscious indifference, but was due to a mistake or accident. *Crad-*

*dock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). His motion for a new trial must, however, set up a meritorious defense and be filed at a time where the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock, supra.* The motion for new trial must meet each requirement of this test. *Id.*

■ To meet the requirement that the motion set up a meritorious defense, the defendant must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff. Those facts must be supported by affidavits or other evidence proving, prima facie, that the defendant has a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

■ In the instant case the appellant alleged, in his motion for new trial, that:

Defendant expressly denies said liability to plaintiff and does set up the meritorious defense of failure of want of consideration. Defendant further has on file a counterclaim for breach of warranty under the Deceptive Trade Practice (Sic) Act.

The appellant did not present affidavits or testimony setting forth facts to support these allegations nor did his motion allege any facts which would constitute a defense.

This court has previously held that in a motion for new trial, the mere allegation of the existence of a "breach of warranty" defense, without supporting facts, is insufficient to set up a prima facie meritorious defense. *Stark v. Nationwide Financial Corp.,* 610 S.W.2d 193 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The facts which constitute the meritorious defense must be pleaded in the motion and established by affidavit or other evidence at the hearing. *Id; In Re T.B.S.,* 601 S.W.2d 539 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

The appellant contends that his counterclaim and the answers to interrogatories on file with the court alleged facts sufficient to set up a meritorious defense, citing *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979),

to support this position. *Baker* is distinguishable from the instant case because it involved a bill of review procedure wherein the primary issue was whether the defendant was required to prove his meritorious defense by a preponderance of the evidence. Thus, the issue was quantum of proof. In the instant case, the issue concerns absence of necessary allegations.

The appellant pleaded legal conclusions and filed to allege facts sufficient to set up a meritorious defense. We hold that the trial court did not abuse its discretion in overruling the appellant's motion for new trial. The appellant's first point of error is overruled.

The appellant next contends that the trial court erred in holding the trial and in disregarding appellant's counsel's designation of that week as vacation time. He alleges that the Court's action violated Harris County, County Civil Court's at Law, Local Rules. The appellant asserts that those local rules allow counsel to file a letter designating intended vacation time with the docket clerk.

■ Normally, a trial court should honor its local rules. However, in the instant case, a member of appellant's counsel's firm agreed to a preferential setting during the week which the appellant's counsel had previously designated for vacation. Under these circumstances, the court and the appellee were entitled to rely upon the agreed preferential setting regardless of the appellant's counsel's vacation letter. We hold that the trial court did not err in disregarding the appellant's counsel's vacation letter and holding trial. The appellant's second point of error is overruled.

The appellant's next contention is that the evidence was insufficient to sustain a verdict for the appellee. Points of error three, seven, eight, nine, eleven and twelve relate to his attack on the sufficiency of the evidence.

The appellant argues that the appellee did not establish that the invoices were completed in the regular course of his business by someone with personal knowledge

of the information recorded therein. Therefore, the appellant asserts that the appellee did not bring the evidence within the business record exception to the hearsay rule. The appellant also alleges that the evidence is insufficient to establish the following: (1) an enforceable agreement between the parties; (2) satisfaction with the service; (3) the reasonableness of the charges, and (4) a demand for payment.

A suit on a sworn account is governed by the provisions of Rule 185, Texas Rules of Civil Procedure. Since the pleadings of both parties met the technical requirements of Rule 185, we are not confronted with an issue as to the technical correctness of either the petition or the answer.

■ Under Rule 185, the plaintiff must allege and prove that a systematic record pertaining to the labor done or the materials furnished was maintained. *Brown Electric Contractors, Inc. v. Kelly,* 595 S.W.2d 610 (Tex.Civ.App.—Austin 1980, no writ). Further, a business record is not admissible unless there is evidence that the record was prepared in the regular course of business by an employee or other individual with personal knowledge of the facts and events recorded. Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon 1981); *Skillern & Sons, Inc. v. Rosen,* 359 S.W.2d 298 (Tex.1962). These rules apply to a suit on a sworn account where invoices or other business records are the basis of the cause of action. *Steve's Sash & Door Co. v. W.B.H. International,* 575 S.W.2d 355 (Tex.Civ.App.—San Antonio 1978, no writ). Where the plaintiff fails to establish the proper predicate to bring the invoices within the business records exception to the hearsay rule, the evidence is insufficient to sustain a judgment on a sworn account. *Steve's Sash & Door Co.,* supra at 357.

■ In the instant case, the appellee failed to establish that the invoices were prepared in the regular course of his business by someone with personal knowledge of the events recorded. Therefore, the invoices do not fall within the business records exception to the hearsay rule. As hearsay, the invoices constitute no evidence.

We hold that the evidence is insufficient to sustain the judgment. The appellant's third point of error is sustained.

The record reflects that there was sufficient evidence to establish the existence of an oral contract between the parties, satisfaction with the services, the reasonableness of the charges and that the appellee made a demand for payment. Accordingly, points of error seven, eight, nine, eleven and twelve are overruled.

By his fifth, sixth and fourteenth points of error, the appellant attacks the court's award of attorney's fees to the appellee. The appellant argues that it was error to award attorney's fees in excess of the pleadings, that there was no evidence or insufficient evidence to support the award of appellate attorney's fees and that attorney's fees were not recoverable as a matter of law.

■ In view of the fact that we found that there was insufficient evidence to support a judgment for the appellee, we must also reverse the award of attorney's fees. Attorney's fees are only recoverable if the claimant finally obtains judgment. *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Co.,* 547 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

■ We also find however, that attorney's fees are available in a suit on a sworn account. Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon 1981). This cause is a suit on a sworn account and is not a suit on a special contract as alleged by the appellant. We overrule point of error fourteen.

■ Further, although a judgment must conform to the pleadings, any error in this regard is waived where the party fails to object to the amount of the judgment. The party making such an objection should do so in a motion to limit the judgment to the amount pleaded or raise the issue in a motion for new trial. *Wm. S. Baker, Inc. v. Sims,* 589 S.W.2d 492 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *see also, Maas v. Smith,* 502 S.W.2d 175 (Tex.Civ.App.—Aus-

tin 1973, writ ref'd n.r.e.); *see generally,* Tex.R.Civ.P. 301 and 324.

In the instant case, the appellant failed to move that the judgment be limited to the amount of the pleadings and failed to raise this issue in his motion for a new trial. The appellant's fifth point of error is overruled.

Finally, the record reflects that there was no evidence to support the award of appellate attorney's fees. · The trial court's award of attorney's fees may include appellate attorney's fees. *Paulus v. Lawyers Surety Corp.,* 625 S.W.2d 843 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). However, there must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees. *Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida,* 596 S.W.2d 947. Further, a trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees if he takes such action. Therefore, the trial court must condition the award of attorney's fees to an appellee upon the appellant's unsuccessful appeal. An unconditional award of appellate attorney's fees is improper. *Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860 (Tex.Civ.App.— Corpus Christi 1980, no writ); *King Optical v. Automatic Data Processing,* 542 S.W.2d 213 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.).

In the instant case, there was no evidence to support the award of appellate attorney's fees and the award was unconditional. Hence, the award of attorney's fees must be reversed. The appellant's sixth point of error is sustained.

The appellant's tenth and thirteenth points of error are that the trial court erred in rendering judgment against the appellant on his counterclaim. This contention is correct. Where a defendant fails to appeal and prosecute his cross-action, the Court may not render a default judgment in cross-action, but should dismiss it without prejudice. *Smock v. Fischel,* 146 Tex. 397, 207 S.W.2d 891 (1948); *see also,*

*Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428 (1959); *Mountain States Leasing Co. v. El Paso Pipeline & Supply Co.,* 612 S.W.2d 633 (Tex.Civ.App.—El Paso 1981, no writ). The appellant's tenth and thirteenth points of error are sustained.

The judgment of the Court below on the appellee's sworn account and the award of attorney's fees is reversed and remanded for a new trial. The default judgment rendered on the appellant's counterclaim is reversed and remanded to the Court below for dismissal without prejudice.