**FONMEADOW PROPERTY OWNERS'
ASSOCIATION, INC., Appellant,**

v.

**Wallace J. FRANKLIN and Mary
Franklin, Appellees.**

**No. 01–90–00627–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1991.

Lori W. Butler, Houston, for appellant.

Wallace J. Franklin, pro se.

Before SAM BASS, WILSON and BISSETT,[1] JJ.

## OPINION

SAM BASS, Justice.

This appeal is brought by the prevailing party in a default judgment. Fonmeadow sued Wallace and Mary Franklin (Franklin) for breach of deed restrictions, to recover delinquent maintenance fees, interest, and costs totalling $781.34, plus attorney's fees, and for foreclosure of a lien securing assessments. The trial court granted all requests, except for attorney's fees. The trial court awarded attorney's fees of $750, despite Fonmeadow's proof of $1640.20. The trial court awarded appellate attorney's fees conditioned on an appeal by Franklin. Fonmeadow appeals the attorney's fees and the conditional award of appellate attorney's fees.

We affirm the judgment of the trial court.

Fonmeadow contends in its first point of error the trial court abused its discretion in awarding $750 because the undisputed proof showed it was entitled to $1640.30 in attorney's fees. The claim consisted of 12.1 hours of attorney's time at $100 per hour, plus $430.20 in itemized expenses.

Reasonable attorney's fees, in addition to the party's costs, are authorized in restrictive covenant actions by TEX.PROP. CODE ANN. § 5.006 (Vernon 1984). *See also Pontiac v. Elliott,* 775 S.W.2d 395, 401 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The trial court has great latitude in fixing attorney's fees, subject to review for abuse of discretion. *Id.* Fonmeadow's counsel submitted an uncontroverted affidavit to support the claim.

The Texas Supreme Court opined in *Ragsdale v. The Progressive Voters League et al.,* 801 S.W.2d 880, 882 (Tex. 1990):

In order for the court to award an amount of attorneys' fees as a matter of law, the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct, and positive, and free from contradiction, inaccuracies and circumstances tending to case [sic] suspicion thereon. The court, as a trier of fact, *may* award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so. In default judgment situations, the same rule applies if there is evidence presented to the trial court which meets the same criteria. In this situation the evidence may be uncontradicted, but the trial judge could find some of the claimed fees to be unreasonable, unwarranted, or some other circumstance which would make an award of the uncontroverted claim wrong.

*Id.* (emphasis added).

The *Ragsdale* case expressly provided the trial court could find a claim unreasonable, and the trial judge in this case did so by the determination that $750 was reasonable. The court based the award on the file contents, the amount in controversy, and the defendant's failure to contest the case. The fact that a trial court may decide a case differently than an

1. The Honorable Gerald T. Bissett, retired Justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi, participating by assignment.

appellate court justice would under similar circumstances is not an abuse of discretion. *Jones v. Strayhorn*, 159 Tex. 421, 428, 321 S.W.2d 290, 295 (1959). The trial court did not abuse its discretion.

Fonmeadow's first point of error is overruled.

Fonmeadow contends in its second point of error the trial court abused its discretion by awarding appellate attorney's fees to Fonmeadow only if Franklin appealed.

The trial court found that $3,500 would be a reasonable attorney's fee if Franklin appealed, and awarded that amount conditionally. Fonmeadow claims that conditioning the award on an unsuccessful appeal by Franklin amounted to a penalty for its appeal.

The trial court's award of attorney's fees may include appellate attorney's fees. *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ). There must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees, and the trial court must condition the award of attorney's fees to an appellee upon the appellant's unsuccessful appeal. *Id.* A trial court may not penalize a party for taking a successful appeal by taxing him with attorney's fees if he takes the appeal. *Id.*

The trial court in this case did not penalize Fonmeadow by conditioning the award on an appeal by Franklin, because Fonmeadow was not taxed with appellate attorney's fees if Franklin appealed. Instead, Fonmeadow was not awarded attorney's fees for its own appeal. Failing to award attorney's fees is not the same as taxing a party with costs. The court must condition award of attorney's fees to appellee upon appellant's unsuccessful appeal. *Id.* In the first instance, there is an absence of incentive to appeal, and in the second instance, there is an actual disincentive for appeal. The trial court's action fit the first instance in regard to Fonmeadow, and was not a penalty.

Fonmeadow's second point of error is overruled.

The judgment is affirmed.