In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-270-CV


____________________



IN RE NORTH AMERICAN REFRACTORIES COMPANY







Original Proceeding






OPINION ON REHEARING



 In response to a motion for rehearing filed by the real parties in interest, we
withdraw our opinion of August 30, 2001, and substitute the following in its place.

 North American Refractories Company ("NARCO") seeks a writ of mandamus to
compel the Honorable Patrick A. Clark, judge of the 128th District Court of Orange
County, Texas, to grant a continuance of a trial originally scheduled to commence on June
25, 2001. The underlying asbestos products liability suit involves over 4000 plaintiffs. 
This particular trial affects ten plaintiffs (1) designated as the trial group by plaintiffs' counsel
on June 11, two weeks before trial was to begin. NARCO filed its motion for continuance
on June 19, on the grounds that lead counsel had a timely vacation letter on file for the
week of June 25 and on the grounds that discovery was incomplete. The trial court denied
the motion on June 22. 

 The relator now suggests the petition may be moot because the week of June 25
passed while our stay order was in effect and before we ruled on the issue before us. 
Nevertheless, the act complained of in the petition is arguably "capable of repetition yet
evading review." See General Land Office of the State of Texas v. Oxy U.S.A., Inc., 789
S.W.2d 569, 571 (Tex. 1990). More importantly, the real parties in interest have
requested sanctions be imposed upon NARCO for filing a groundless petition for purposes
of delay. See Tex. R. App. P. 52.11. We must determine whether the petition has merit
even though the original June 25 trial setting has passed. 

 Although mandamus is generally not available to review the denial of a motion for
continuance, General Motors Corp. v. Gayle, 951 S.W.2d 469, 477 (Tex. 1997),
mandamus will issue to enforce the trial court's ministerial duty to grant a mandatory
continuance. Amoco Prod. Co. v. Salyer, 814 S.W.2d 211, 212-13 (Tex. App.--Corpus
Christi 1991, orig. proceeding). Appellate courts have ordered trial judges to honor
legislative continuances, for example. Collier v. Poe, 732 S.W.2d 332, 346 (Tex. Crim.
App. 1987); In re Starr Produce Co., 988 S.W.2d 808, 811-812 (Tex. App.--San Antonio
1999, orig. proceeding); Salyer, 814 S.W.2d at 213. 

 Legislative continuances are subject to mandamus because a statute makes them
mandatory. Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759, 762-63 (1947); see Tex.
Civ. Prac. & Rem. Code Ann. § 30.003 (Vernon 1997). We must decide whether a
similarly mandatory law applies in this case. Normally, absence of counsel is not good
cause for a continuance, but a continuance may be granted in the discretion of the judge. 
Tex. R. Civ. P. 253. In this case, however, relator relies on a local mandatory rule
approved by the Texas Supreme Court. Trial courts are governed by local rules approved
by the Texas Supreme Court. Tex. R. Civ. P. 3a. The real parties in interest do not
challenge the local rule. Rule 11 of the Regional Rules of Administration for the Second
Administrative Judicial Region of Texas provides:

 Rule 11: Attorney Vacations


 DESIGNATION OF VACATION. Subject to the provision of
subparts b and c of this rule, an attorney may designate not more than
four weeks of vacation during a calendar year as vacation, during
which that attorney will not be assigned to trial or required to engage
in any pretrial proceedings. This rule operates only where lead
counsel, as defined by T.R.C.P. 8, is affected, unless the trial court
expands coverage to other counsel.

 SUMMER VACATIONS. Written designation for vacation weeks
during June, July, or August must be filed with the district clerk by
May 15. Summer vacation weeks so designated will protect the
attorney from trials during those summer weeks, even if an order
setting the case for trial was signed before the vacation
designation was filed.


 


 NON-SUMMER VACATIONS. Written designations for vacation in
months other than June, July, or August must be filed with the district
clerk by February 1. Non-summer vacation weeks may not run
consecutively for more than two weeks at a time. Non-summer
vacation weeks so designated will not protect an attorney from a trial
by an order signed before the date the designation is filed. (emphasis
added).


 

 The Supreme Court approved the adoption of this rule pursuant to its rule-making
authority. See Misc. Docket No. 96-0006 (Tex. January 3, 1996); see Tex. Const. art.
V, § 31; Tex. Gov't Code Ann. §§ 74.021; 74.046(1), 74.048(c) (Vernon 1998); Tex.
R. Civ. P. 3a. Under proper circumstances, a trial court's violation of a local mandatory
rule may be corrected through mandamus. See Dancy v. Daggett, 815 S.W.2d 548, 549
(Tex. 1991). In this case, the rule expressly provides that a vacation letter filed by May
15 will protect the lead attorney from trial during the designated weeks, even if the order
setting the case for trial was signed before the letter was filed. The rule is mandatory and
precludes the exercise of discretion that would otherwise reside with the court. 

 The real parties in interest cite Siegler v. Williams, 658 S.W.2d 236, 239 (Tex.
App.--Houston [1st Dist.] 1983, no writ), in support of their argument that NARCO failed
to exercise diligence in obtaining a continuance. In Siegler v. Williams, the court found
the right to a continuance was waived by co-counsel's agreement to a preferential setting
after a vacation letter was filed. Id. NARCO's counsel, on the other hand, did not act
in a manner inconsistent with his reliance on his timely filed vacation letter. Furthermore,
in Siegler, after agreeing to the preferential setting, the party did not appear for trial and
did not file a motion for continuance based on the vacation letter. Id. at 238. Here,
relator did file a proper motion for continuance based in part on the vacation letter and the
mandatory language of Rule 11. Once the motion was filed invoking the rule, the trial
court had no discretion to ignore the mandatory language in the rule. 

 The real parties in interest do not contend that denial of the June 25 trial setting
deprived them of due process. See Waites v. Sondock, 561 S.W.2d 772, 776 (Tex. 1977).
Absent a due process exception, the trial court had a ministerial duty to grant the
continuance in compliance with the local rules of procedure. 

 The real parties in interest also rely on Cezeaux v. Libby, 539 S.W.2d 187, 190
(Tex. Civ. App.--Beaumont 1976, no writ), which held that the appellant failed to
demonstrate either an abuse of discretion or harm from the denial of a motion for
continuance based upon a vacation letter. Cezeaux pre-dates the adoption of Rule 11. 
After the adoption of the rule, with its clearly mandatory language, it cannot reasonably
be stated that honoring a vacation letter remains a matter of court discretion. Also, the
harm in the refusal to honor a vacation letter inures not to the litigant, but to his counsel,
who must attend the trial or face professional censure. Because the trial court's arbitrary
refusal to recognize counsel's vacation letter cannot be remedied on appeal, mandamus will
be issued to prevent the violation of the rule.

 Secondly, the relator contends, both in its motion for continuance and its petition
for writ of mandamus, a continuance is necessary in order to conduct additional pre-trial
discovery. Since the trial must be reset, the discovery issue should be considered by the
trial court in light of the new trial setting. 

 We conclude that the trial court abused its discretion by denying the relator's first 
motion for a continuance. Because the case was not tried the week of June 25, 2001,
however, we need not order the trial court to grant the continuance from that trial setting. 

We decline to conditionally grant the writ of mandamus solely for that reason. We are
confident that the trial court will follow the principles set forth in this opinion should these
circumstances be repeated. We are also confident that the trial court will grant sufficient
time for additional discovery should the need be demonstrated when a new trial date is set. 
The stay order is lifted. 

 The motion for sanctions of the real parties in interest is denied.

 WRIT DENIED; STAY ORDER LIFTED; MOTION FOR SANCTIONS DENIED.


 _______________________________

 RONALD L. WALKER

 Chief Justice


Submitted on July 16, 2001

Opinion Delivered November 29, 2001

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The real parties in interest have been identified as Jim Amison, Jr., Tony Houston
Belle, Sr., Richard Deed, George Dudley, Dock Shaheen Farris, Johnnie Hughes, Joe
Daniel Miles, Gene Tunney Saulters, Melvin Curtis Story, and Mardis Bryan Wallis, Jr.