**DENY; and Opinion Filed January 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01576-CV

## IN RE NASROLLAH (JEFF) JAFARZADEH, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-53521-2012**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to strike the portion of its December 1, 2014 temporary orders pending appeal that awarded real party in interest attorney's fees that were not conditioned upon relator's unsuccessful appeal. We deny the petition.

### *Availability of Mandamus Relief*

In a suit affecting the parent-child relationship, a trial court may render temporary orders "necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal" including an order that "require[s] payment of reasonable attorney's fees and expenses." TEX. FAM. CODE ANN. § 109.001(a)(5) (West 2014). These temporary orders pending appeal "are not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 109.001(c) (West 2014); *cf.* TEX. FAM. CODE ANN. § 109.002(b) (West 2014) (appeal may be taken from final order under title 5 of the Family Code). Of course, the appeal in this case is not an interlocutory appeal, but

is rather an appeal from a final judgment. And although section 109.001(c) disallows accelerated, interlocutory appeals from temporary orders pending appeals, it does not necessarily speak to the situation at hand in this case.[1] Because, however, the payment of interim fee awards during the pendency of appeal cannot in most instances by their very nature be deferred until the conclusion of appeal without defeating their purpose and because a large unconditional fee award may raise the possibility that a party's ability to continue litigation will be significantly impaired, *Saxton v. Daggett*, 864 S.W.2d 729, 736 n.9 (Tex. App.—Houston [1st Dist.] 1993, no writ), an order that requires payment of fees before the completion of the appeal may provide the circumstances in which review of the award during the pending or imminent appeal does not provide an adequate remedy by appeal in conjunction with the final judgment in the case. *Merriam,* 228 S.W.2d at 415. Here because the trial court's order requiring interim payments of attorney's fees during appeal is not conditioned on successful appeal and thus requires immediate compliance, consideration of relator's complaint before the determination of the appeal of the final judgment is appropriate.

### *Appropriateness of Unconditional Attorney Fee Awards Pending Appeal in Suits Affecting the Parent Child Relationship*

Ordinarily when a trial court awards appellate attorney's fees, it must condition the award of fees on a successful appeal. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139,

---

[1] Some courts have concluded the prohibition on interlocutory appeal of temporary orders pending appeal also deprives an appellate court of jurisdiction to review those orders in conjunction with the appeal of the final judgment. Others have concluded that such a reading ignores the distinction between interlocutory appeals and appeals from final judgment. *Compare Marcus v. Smith*, 313 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (stating that the court lacked jurisdiction over a direct appeal of award of appellate attorney's fees under section 109.001); *Johnson v. Johnson*, 948 S.W.2d 835, 838 (Tex. App.—San Antonio 1997, writ denied) (concluding mandamus, not appeal, was the appropriate remedy to attack such an order) *with In re Merriam*, 228 S.W.3d 413, 415 (Tex. App.—Beaumont 2007, no pet.) ("That construction does not distinguish between an accelerated appeal and the pending appeal from the final judgment, and does not address the statute's grant of authority to the appellate court to supersede enforcement of an order rendered during the pending appeal.); *Winfield v. Renfro*, 792 S.W.2d 524, 525 (Tex. App.—Houston [1st Dist.] 1990, no writ)(concluding that because temporary order pending appeal was not an interlocutory order, receivership pending appeal could be considered with appeal on the merits of the case). We noted the prohibition on interlocutory appeal imposed by section 109.001(c) in *In re D.C.*, No. 05-12-01574-CV, 2014 WL 1887611, at *3 n.2 (Tex. App.—Dallas May 9, 2014, no pet.) and did not consider any challenges to the temporary orders pending appeal that had been rendered in that case because the temporary orders had not been challenged in the appeal from final judgment and were not properly before the Court. We similarly need not resolve that conflict in this case because we conclude the immediacy of the required payment makes mandamus the appropriate means of appellate review.

148 (Tex. App.—Dallas 2011, no pet.). The typical award of attorney's fees is premised on a punitive rationale or on a rationale that the attorney's fees are part of the damages incurred by the prevailing party. *See, e.g.*, *In re Ford Motor Co.*, 988 S.W.2d 714, 720 (Tex. 1998) (orig. proceeding) (attorney's fees awarded as sanctions for discovery abuse); *Cessna*, 345 S.W.2d at 147 (attorney's fees awarded for breach of bailment contract); *Siegler v. Williams*, 658 S.W.2d 236, 240 (Tex. App.—Houston [1st Dist.] 1983, no writ) (attorney's fees awarded in suit on sworn account). The requirement that such awards must be conditioned arises because a court may not penalize a party for taking a successful appeal. *Siegler*, 658 S.W.2d at 241 (Tex. App.—Houston [1st Dist.] 1983, no writ). In those sorts of cases an unconditional award of attorney's fees can impose a monetary penalty on a party's ability to exercise its legal rights that acts as a chilling effect on the exercise of the legal right to appeal. *In re Ford Motor Co.*, 988 S.W.2d at 722–23.

Based on this rationale, we have concluded that to the extent that an award of appellate attorney's fees pending appeal of the property division in a divorce is unconditional, it is improper. *Moroch v. Collins*, 174 S.W.3d 849, 870 (Tex. App.—Dallas 2005, pet. denied). In *Moroch*, however, it was clear by the terms of the divorce decree that the fee award was a part of the division of marital estate and was not an award the trial court concluded was necessary to preserve and protect the safety and welfare of the children during the pendency of the appeal. *Id.* at 870 (noting divorce decree provided for award of appellate attorney's fees in two places within the property division section of divorce decree: first, as part of "division of the marital estate," and second as part of the "debts to husband"). The chilling effect rationale does not apply in the same fashion to appellate attorney's fees awarded under section 109.001(a)(5) of the Texas Family Code pursuant to the trial court's authority to render temporary orders pending appeal in a suit affecting the parent-child relationship, however. We disagree with those courts

that have reached a contrary conclusion. *See, e.g., Halleman v. Halleman*, No. 02-11-00238-CV, 2011 WL 5247882, at \*5 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (consolidated appeal and orig. proceeding) (relying on case awarding attorney's fees as sanctions in concluding fee awards pending appeal in SAPCRs must be conditioned); *Marcus v. Smith*, 313 S.W.3d 408, 418–19 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing cases that rely on sanctions or damages rationale for award of fees); *In re Garza*, 153 S.W.3d 97, 101 (Tex. App.—San Antonio 2004, orig. proceeding) (citing sworn account case).

In suits affecting the parent-child relationship in which attorney's fees are awarded pending appeal, deferring the fee award until resolution of the appeal is impractical because it defeats the purpose of the fee award, which is to provide the resources necessary to allow the appeal to be prosecuted by the appellee. *See Saxton*, 864 S.W.2d at 736 n.9. An award of attorney's fees in a SAPCR under the family code is not based on a punitive rationale or a damages rationale, but rather on the rationale that the award of attorney's fees is in the best interest of the child. *See Tropoli v. Markantonis*, 740 S.W.2d 563, 564–65 (Tex. App.—Houston [1st Dist.] 1987, no writ); *see also* 40A TEX. JUR. 3D *Family Law* § 2056 (2011). Because both parents are responsible for providing for the child's needs, attorney's fees rendered in the prosecution or defense of a suit affecting the parent-child relationship may appropriately be imposed on either parent. *In re A.C.J.*, 146 S.W.3d 323, 327 (Tex. App.—Beaumont 2004, no pet.); 40A TEX. JUR. 3D *Family Law* § 2056. Just as failing to condition the award of fees in an ordinary case may chill the ability of the non-prevailing party to exercise its right to appeal, conditioning the award of fees in a suit affecting the parent-child relationship may defeat the ability of the parent who prevails in the trial court to defend the order being appealed as one that is in the best interest of the child. In family law cases the best interest of the child is the guiding principle. *See, e.g.*, TEX. FAM. CODE ANN. § 153.002 ("The best interest of the child shall always

–4–

be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). Consequently, the trial court may, without abusing its discretion, fashion an order concerning payment of appellate attorney's fees that protects the best interest of the child.

The record before the Court does not include any evidence suggesting that the trial court's temporary order pending appeal was not in the best interest of the children in this case or that the amount ordered by the trial court was an effort to "set a price" on appeal to discourage resort to appeal. Accordingly, we conclude the trial court's order was not a clear abuse of discretion. We deny the petition.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

141576F.P05