

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00136-CV

FRANK REED AND KAREN REED 　　　　　　　　　　　APPELLANTS

V.

LAKE COUNTRY PROPERTY 　　　　　　　　　　　　　APPELLEE
OWNERS ASSOCIATION, INC.

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2013-004939-3

----------

## MEMORANDUM OPINION[1]

----------

Appellants Frank and Karen Reed appeal from the trial court's order granting summary judgment in favor of appellee Lake Country Property Owners Association, Inc. (LCPOA), permanently enjoining the Reeds from parking or storing a recreational camper on their property. As is common in summary-

---

[1]*See* Tex. R. App. P. 47.4.

judgment appeals, the established standard of review dictates our conclusion. Accordingly, because the Reeds do not argue that LCPOA failed to conclusively establish each essential element of its claim and because the Reeds wholly failed to raise an issue of fact on each element of their pleaded affirmative defenses through competent summary-judgment evidence, we affirm the trial court's summary judgment.

## I. BACKGROUND

This is not the first time we have considered the fractious relationship between the Reeds and their homeowners' association—LCPOA. Previously, LCPOA sought to enforce deed restrictions, which (1) were restrictive covenants running with the properties in Lake Country Estates and (2) prohibited property owners from parking "trailer[s], house car[s] or other moveable structure[s]" on "any lot" and from storing "boats, boat trailers or recreational campers . . . on the premises" in plain view of the streets fronting their residences. *Reed v. Lake Country Prop. Owners Assoc., Inc.*, No. 02-14-00282-CV, 2016 WL 3655589, at *1 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op.) (*Reed I*); *see also* Tex. Prop. Code Ann. § 202.001(4) (West 2014) (defining restrictive covenant). In response to LCPOA's efforts, the Reeds and other property owners in Lake Country Estates filed suit against LCPOA, seeking a declaration that LCPOA either was not authorized to enforce or was estopped from enforcing the restrictive covenants. *See Burkett v. Lake Country Prop. Owners Ass'n, Inc.*, No. 02-13-00090-CV, 2014 WL 1510137, at *1 (Tex. App.—Fort Worth Apr. 17,

2

2014, no pet.) (mem. op.). The trial court granted summary judgment in favor of LCPOA, which we affirmed. *Id.*

On August 13, 2013, before we issued *Burkett*, LCPOA filed suit against the Reeds to enforce the restrictive covenant, seeking to permanently enjoin them from parking an enclosed utility trailer on their property and from storing a Sandpiper camper in view of the street fronting their home. *Reed I*, 2016 WL 3655589, at *2. In June of 2014 shortly after we issued our *Burkett* opinion, the Reeds stopped parking the Sandpiper camper on their property. LCPOA sought summary judgment on their claims, which the trial court granted on August 7, 2014, and enjoined the Reeds from violating the deed restriction regarding parking or storing trailers or campers. *Id.* On October 7, 2014, the Reeds began to park a Cedar Crest recreational camper on their property in view of the street. On July 7, 2016, we affirmed the summary judgment and permanent injunction regarding the trailer but we reversed regarding the Sandpiper camper because the Reeds had raised a fact issue on their pleaded affirmative defense of limitations in response to LCPOA's summary-judgment motion.[2] *Id.* at *8. Specifically, we held that limitations as to the Sandpiper camper began to run no later than January 5, 2005; thus, the four-year limitations period to enforce the restrictive covenant expired January 5, 2009, rendering LCPOA's August 13, 2013 petition arguably time-barred absent tolling. *Id.* at *5, *8.

---

[2]On remand, the trial court rendered a partial summary judgment in LCPOA's favor regarding the trailer based on this court's mandate.

3

On December 12, 2016, after we issued mandate in *Reed I* and remanded LCPOA's petition to the trial court, LCPOA amended its petition to allege that the Reeds violated the restrictive covenant by storing a recreational camper in view of the street "since October 2014." LCPOA then filed a second motion for summary judgment, arguing that it conclusively established its claim for enforcement based on the Reeds' failure to comply with the restrictive covenants. In support, LCPOA relied on (1) the Reeds' warranty deed under which they acquired the property; (2) the Lake Country restrictive covenants that were filed in Tarrant County and were incorporated into the warranty deed; (3) Frank's deposition admissions that he and Karen violated the restrictive covenants by parking a recreational camper on their property; and (4) the affidavit of an LCPOA board member who stated that the Reeds stored their Cedar Crest camper in view of the street beginning on October 7, 2014, and attached an October 7, 2014 photograph of the Reeds' Cedar Crest camper parked on the Reeds' property in view of the street as well as several date-stamped photographs of the Reeds' property between June 9 and October 7, 2014, showing no parked camper. In their summary-judgment motion, LCPOA also addressed the Reeds' previously asserted limitations defense, which resulted in this court reversing the summary judgment regarding the Sandpiper camper in *Reed I*, and argued that the absence of the Sandpiper camper between June 2014 and October 2014 and the Reeds' parking of the new Cedar Crest camper

4

in view of the street beginning in October 2014 resulted in limitations starting anew in October 2014.

The Reeds did not respond to LCPOA's second motion for summary judgment and did not appear at the summary-judgment hearing. On January 13, 2017, the trial court granted LCPOA's second motion for summary judgment and permanently enjoined the Reeds from parking "a trailer, house car or other moveable structure" and from storing "a boat, boat trailer or recreational camper" within view of the street fronting the Reeds' house. The trial court also awarded LCPOA its attorney's fees. The Reeds filed a motion for new trial, arguing that LCPOA failed to conclusively prove that its enforcement of the restrictive covenants was not barred by laches. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

The Reeds again appeal and argue that the trial court's summary judgment was in error because (1) LCPOA did not address laches in their second motion, (2) the Cedar Crest camper did not restart the limitations period because the Reeds had been engaged in litigation over the storage of a camper, and (3) a material fact issue existed as to laches and whether LCPOA's delay was reasonable after Frank began building improvements in an attempt to comply with the restrictive covenants. They also argue that the award of attorney's fees was erroneous because LCPOA was not entitled to such an award based on its delay in seeking to enforce the restrictive covenants and because there was a fact issue regarding reasonableness.

5

## II. PROPRIETY OF SUMMARY JUDGMENT

### A. STANDARD OF REVIEW

Although a permanent injunction normally is reviewed for an abuse of discretion, we apply the summary-judgment standard of review because the injunction was issued as the result of a summary-judgment motion. *See Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In our de novo review of the summary judgment, we consider the evidence in the light most favorable to the Reeds, indulge every reasonable inference in their favor, and resolve any doubts in their favor. *See Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). LCPOA was entitled to summary judgment on its cause of action if it conclusively established all essential elements of its claim as a matter of law. *See* Tex. R. Civ. P. 166a(a), (c); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974). If LCPOA did so, it will not be prevented from obtaining summary judgment merely because the Reeds pleaded an affirmative defense. *See Kirby Expl. Co. v. Mitchell Energy Corp.*, 701 S.W.2d 922, 926 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Clark v. Dedina*, 658 S.W.2d 293, 296 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd). An affirmative defense prevents the granting of summary judgment in favor of LCPOA only if the Reeds raised an issue of fact on each element of their defense through competent

6

summary-judgment evidence. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *'Moore' Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972); *Songer v. Archer*, 23 S.W.3d 139, 142 (Tex. App.—Texarkana 2000, no pet.).

## B. AFFIRMATIVE DEFENSES

In their first three issues, the Reeds argue that laches and limitations barred LCPOA's effort to enforce the restrictive covenants, rendering the summary judgment in error. Both laches and limitations are affirmative defenses, which the Reeds pleaded in their answer to LCPOA's petition and argued in their response to LCPOA's first motion for summary judgment directed to the trailer and the Sandpiper camper. *See* Tex. R. Civ. P. 94; *Reed I*, 2016 WL 3655589, at *2. But the Reeds did not respond to LCPOA's second motion for summary judgment based on the amended petition and did not proffer competent summary-judgment evidence raising a genuine issue of material fact on each element of their affirmative defenses; thus, these affirmative defenses cannot, standing alone as bare assertions, defeat LCPOA's right to summary judgment. *See Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In conclusively establishing the elements of its claim for the purposes of summary judgment, LCPOA was not required to negate or even address the Reeds' affirmative defenses. *See, e.g.*, *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017); *Brownlee*, 665 S.W.2d at 112. All LCPOA

7

was required to do was conclusively establish each element of its claim for enforcement of the restrictive covenants, which the Reeds do not argue LCPOA failed to do. Indeed, the Reeds completely failed to argue to the trial court that LCPOA did not conclusively establish its claim and do not assert on appeal that LCPOA's summary-judgment grounds or proof were legally insufficient to establish its claims for affirmative relief. *See Clear Creek Basin*, 589 S.W.2d at 678. The Reeds instead solely focus on LCPOA's failure to negate the Reeds' affirmative defenses, which was not LCPOA's burden. *See Brownlee*, 665 S.W.2d at 112; *Marx v. FDP, LP*, 474 S.W.3d 368, 377–78 (Tex. App.—San Antonio 2015, pet. denied). The Reeds' attempt to raise a genuine issue of material fact on each element of their affirmative defenses for the first time on appeal is too little, too late. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer[3] or other response shall not be considered on appeal as grounds for reversal."). *See generally* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 52 Hous. L. Rev. 773, 876 (2015) ("Absent a written response to a motion for summary judgment, prior pleadings raising laches and the statute of limitations are insufficient to preserve those issues for appeal.").

---

[3]"Answer" as used in the summary-judgment rule means an answer to the motion for summary judgment, not an answer to the petition. *See Clear Creek Basin*, 589 S.W.2d at 677.

Because the Reeds failed to raise genuine issues of material fact on their affirmative defenses, they are no bar to entry of judgment as a matter of law in favor of LCPOA based on its motion and proof conclusively establishing their claim for enforcement, which the Reeds do not dispute on appeal. Accordingly, we overrule issues one, two, and three.

## III. ATTORNEY'S FEES

In their fourth and fifth issues, the Reeds attack the award of attorney's fees. Issue four again relies on laches to avoid the award; but the Reeds failed to raise genuine issues of material fact in the trial court regarding the affirmative defense as applied to LCPOA's second motion for summary judgment. We overrule issue four for the same reasons we overruled issues one, two, and three.

In their fifth issue, the Reeds contend that "an issue of genuine material fact was raised as to the reasonableness of the fees claimed." In support of this contention, they rely on the fact that the amount awarded in *Burnett* was less than that awarded here and point to the arguments they made in response to LCPOA's first motion for summary judgment, which was the subject of *Reed I*. Although the Reeds cannot rely on evidence they submitted in response to LCPOA's first motion for summary judgment to raise a genuine issue of material fact, they can challenge the sufficiency of the evidence to establish reasonableness for the first time on appeal even in the absence of a summary-

9

judgment response. *See Auz v. Cisneros*, 477 S.W.3d 355, 359 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

An award of attorney's fees is mandatory for a prevailing party in an action to enforce deed restrictions. *See* Tex. Prop. Code Ann. § 5.006(a) (West 2014). The amount of the award, however, is a question of fact for the fact-finder and is based on statutory factors. *See id.* § 5.006(b); *Jim Rutherford*, 25 S.W.3d at 853. We review that determination for an abuse of discretion. *See Fonmeadow Prop. Owners' Ass'n, Inc. v. Franklin*, 817 S.W.2d 104, 105–06 (Tex. App.—Houston [1st Dist.] 1991, no writ). In support of their request for attorney's fees in their second motion for summary judgment, LCPOA submitted a detailed affidavit that requested $40,625.50 in attorney's fees and addressed each of the statutory factors a trial court must use to determine the amount of the mandatory award. This evidence supported the trial court's award to LCPOA of $40,625.50 in attorney's fees; therefore, it was not an abuse of discretion. *See, e.g.*, *Tien Tao Ass'n, Inc. v. Kingsbridge Park Cmty. Ass'n, Inc.*, 953 S.W.2d 525, 531 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *Fonmeadow Prop.*, 817 S.W.2d at 105–06. We overrule issue five.

## IV. CONCLUSION

We recognize that summary judgment was not proper merely based on the Reeds' failure to respond to LCPOA's traditional motion for summary judgment. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). But the Reeds' affirmative defenses, which are the only grounds they raise on appeal in

10

attacking the summary judgment, cannot prevent summary judgment in the absence of a response and summary-judgment proof raising genuine issues of material fact on those pleaded defenses. Accordingly, their four appellate issues relying on their affirmative defenses cannot assail the trial court's summary judgment. Finally, the Reeds have failed to show that the evidence was insufficient to support the award of attorney's fees in the amount requested by LCPOA and supported by competent summary-judgment evidence. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and PITTMAN, JJ.

DELIVERED: December 28, 2017

11