**Charlie Sherwood CRYER, Relator,**

v.

**The Honorable David WEST, Judge of the 269th Judicial District Court, Harris County, Texas, Respondent.**

**No. 01–89–00363–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1989.

Richard A. Schwartz, Fred Wahrlich, Thelen, Marrin, Johnson & Bridges, Houston, for relator.

Tom Alexander, Kevin McEvily, Lisa A. Spinnenweber, Alexander & McEvily, Houston, for respondent.

Before WARREN, COHEN and O'CONNOR, JJ.

### ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator seeks mandamus relief because the respondent has set a show cause hearing on a motion for contempt against relator before holding a hearing and ruling on relator's motion for legislative continuance. Relator asks this Court, in effect, to rule on the motion for legislative continuance and to continue all proceedings connected with the motion for contempt for 30 days following the end of the current legislative session.

On January 12, 1989, relator's attorney, Texas Senator Carl Parker, filed a motion for legislative continuance in the case, because of his attendance of the legislative session. Rule 254, Tex.R.Civ.P., and section 30.003 of the Texas Civil Practice & Remedies Code provide for a mandatory continuance in civil actions for legislators for 30 days after the adjournment of the legislative session. The rule applies to legislators who are parties or attorneys for parties in the case, and is mandatory unless the attorney was employed within 10 days of the date the suit is set for trial, in which case it is discretionary.

A contempt proceeding qualifies as a pending suit within the scope of the legislative continuance rules, because it has the elements of a separate cause of action, e.g., it seeks additional relief in the form of punishment or penalties. *Schwartz v. Jefferson*, 520 S.W.2d 881, 885 (Tex.1975). Proceedings that relate solely to the enforcement of a final judgment are not within the coverage of the rule. *Id.*

There is a due process exception to the rule. The legislative continuance rule is not mandatory in cases of emergency or irreparable harm, because the basis for the rule would be arbitrary and unreasonable when a party faces irreparable harm from inaction. *Waites v. Sondock*, 561 S.W.2d 772, 775 (Tex.1977); *see Collier v. Poe*, 732 S.W.2d 332 (Tex.Crim.App.), *appeal dism'd*, —— U.S. ——, 108 S.Ct. 51, 98 L.Ed.2d 15 (1987). In such circumstances, the mandatory legislative continuance would violate the due process clause of the United States Constitution and article I, sections 13 and 19 of the Texas Constitution. *Waites v. Sondock*, 561 S.W.2d at 773.

Thus, where the opposing party shows that a substantial existing right will

be defeated or abridged by the delay, the continuance is not automatic. 561 S.W.2d at 776. Where this exception to the legislative continuance is asserted, the trial court has the duty to hold an evidentiary hearing to determine whether the allegations are meritorious. *Id.; Condovest Corp. v. John Street Builders, Inc.*, 662 S.W.2d 138 (Tex. App.—Austin 1983, no writ).

█ Whether, in a given situation, a party will suffer irreparable injury from the application of the legislative continuance rule is a question within the sound discretion of the trial court. *See Waites v. Sondock*, 561 S.W.2d at 775. Among the factors the court must consider are the nature and urgency of the rights involved. *Id.* at 776. It is only when the opposing party does not show such irreparable injury to a substantial, existing legal right that the trial court has no discretion except to grant the motion for continuance. Tex.R. Civ.P. 254; Tex.Civ.Prac. & Rem.Code Ann. sec. 30.003; *see Collier v. Poe*, 732 S.W.2d at 346.

█ The record reflects that the real party in interest opposed relator's motion for legislative continuance and asserted the due process exception in his response to the motion. Thus, before further action may be taken in the case, the trial court has the duty to hold a hearing on the motion for continuance to determine whether any exception to the statutes' mandatory terms applies.

Because of the disposition of the first point of error, we do not reach relator's contention that he had inadequate notice of the resetting of the contempt hearing.

We are confident that the respondent will take no further action in the case before holding a hearing on the motion for legislative continuance and opposition thereto, and before determining whether a due process exception to the rules' mandatory terms applies. A writ of mandamus will issue only if he fails to comply with these procedures.