**AMOCO PRODUCTION COMPANY, et al., Relators,**

v.

**The Honorable Jack SALYER, Judge of the 130th District Court, Matagorda County, Texas, Respondent.**

No. 13–91–374–CV.

Court of Appeals of Texas, Corpus Christi.

July 25, 1991.

■■■■■■■■■■■■■■■■

Edward J. Murphy, Wm. Bruce Stanfill, Sylvia J. Sydow, Clann, Bell & Murphy, Houston, Donald R. Uher, Sue A. Vaughan, Bay City, Rebecca McGee, Denver, Colo., for relators.

William Vernon, Mark W. Lanier, Vernon & Lanier, Houston, Russell H. McMains, Kimberly Hall Seger, McMains & Constant, Corpus Christi, for respondent.

Before DORSEY, KENNEDY and HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

Relators Amoco Production Company, Amoco Corporation, John Spence and David Grubb (Amoco) seek a writ of mandamus to compel the Honorable Jack Salyer to grant a legislative continuance in a trial scheduled to commence on July 29, 1991, styled Rubicon Petroleum Incorporated v. Amoco Production Company, Amoco Corporation, John Spence and David Grubb. In the underlying lawsuit, Rubicon is claiming that Amoco breached an oral contract for the sale of oil producing real property located in Wyoming. We hold the trial court abused its discretion in refusing to grant the legislative continuance and conditionally grant the writ.

On July 3, 1991, Donald R. Uher filed is timely motion for legislative continuance of a trial setting on behalf of the relators. His motion was accompanied by his affidavit stating that he is a member of the Texas legislature, that the Legislature is being called into special session beginning July 15, 1991, and that he will be in actual attendance at the special session. He further declared that he is an attorney of record for relators, that he had been so employed more than ten days prior to the trial and that he intends to participate actively in the preparation and/or trial of the cause. This was the second legislative continuance requested in this case. In January 1991, Mr. Uher had requested and received another legislative continuance. At the hearing on the first motion for legislative continuance, the trial court heard evidence from Rubicon concerning the harm it claimed it would suffer if the motion for continuance were granted.

■ If properly requested, a legislative continuance is mandatory. See Tex.Civ. Prac. & Rem.Code Ann. § 30.003 (Vernon 1986). Likewise, Tex.R.Civ.P. 254, states that the court shall continue the case if it appears to the court, by affidavit, that any attorney for any party to a cause is a member of the legislature. The rule further states that on the filing of the affidavit the court shall continue the case until thirty days after the adjournment of the legislature and the affidavit shall be proof of the necessity for the continuance. The right to a continuance shall be mandatory.

■ In its response, Rubicon argues that the due process exception set forth in *Waites v. Sondock*, 561 S.W.2d 772, 776 (Tex.1977), applies in this case. In *Waites*, the Supreme Court held that a legislative continuance is mandatory except when a substantial existing right will be defeated or abridged by the delay of trial. To apply the statute under such circumstances would violate the litigant's right of due process. A legislative continuance had been granted in *Waites* in a contempt proceeding filed by a mother to compel her former husband to comply with a previously entered child support order. In her motion opposing the continuance, the mother stated that she was in dire need of support payments. The Court notes in its opinion that a child may not be likened to a chattel that may be stored in a warehouse for safe keeping. *Id.* at 775, n. 3.

Rubicon argues that its due process rights have been violated because they have pleaded specific performance and must stand ready to perform the contract should the merits of the case be decided in their favor. They claim they are being irreparably harmed because of lost busi-

ness opportunities while they wait to have their case heard.

We find that there was no evidence introduced at either hearing which showed the type of irreparable harm necessary to come within the limited exception set forth in *Waites.* There, the complaining party had a valid, existing judgment which she could not enforce. The complaining party had an adjudicated right to have her former husband pay support. Her inability to enforce that judgment had the imminent potential of depriving her child of sustenance.

In the case at bar, Rubicon sued Amoco alleging the existence of an oral agreement for Amoco to sell to Rubicon certain oil properties. The central issue is the existence of an enforceable agreement. At the hearing on the continuance, the president of Rubicon testified generally that an oral contract existed. He then said that it was being harmed by the delay in trial in two ways: 1. Rubicon could not sell the oil produced from the disputed properties at the present high price on the futures market, and 2. the company would have to pass up other investment opportunities in order to have the credit available to pay for the Amoco property once specific performance is awarded.

We hold there was no irreparable harm shown to rise to the level of a due process violation. There is no constitutional impediment to justify denying the continuance in this case.

Rubicon also argues that Mr. Uher was retained as one of Amoco's lawyers solely to obtain the legislative continuance, and he has not participated in the lawsuit to date. Rubicon terms Mr. Uher's participation in effect a sham to delay justice. They argue that such evidence could rightfully be considered by the trial court in its determination to deny the legislative continuance. We disagree.

The statute is mandatory if a party or its attorney is a member of the legislature while it is in session. It is not relevant whether the attorney is necessary to the party or the extent of the legislator's participation in the lawsuit. The addition of such conditions to the statutory right of continuance is properly a matter for the legislature.

Mandamus is proper when the trial court fails to perform a ministerial act. *See Proffer v. Yates,* 734 S.W.2d 671, 672–673 (Tex.1987); *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961). It is also proper when the court has committed a clear abuse of discretion and there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The law with regard to legislative continuances is clear. They are mandatory and ministerial unless an exception is raised. Relators complied in all respects with the statutory requirements for obtaining a legislative continuance. Further, there was no evidence offered at the hearing to show that this case comes within the narrow exception wet forth in *Waites.*

We hold the trial court abused its discretion in not granting the mandatory legislative continuance.

We trust that the honorable trial court will rescind his order denying the legislative continuance and grant the continuance as requested. Mandamus will issue only if he refuses to do so.