Michael John OJEDA, Appellant

v.

The STATE of Texas, Appellee.

No. 04–95–00153–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1996.

John A. Longoria and Miguel Rodriguez, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and
HARDBERGER and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant, Michael J. Ojeda, was tried by a jury and found guilty of assault causing bodily injury. Punishment was assessed at one year confinement and a two hundred dollar fine, fully probated. Appellant appeals the conviction, contending that the trial court erred in denying his attorney's motion for a legislative continuance. We reverse and remand.

On February 9, 1994, shortly after he was arrested and charged with assault causing bodily injury, appellant retained John A. Longoria, a duly elected member of the Texas Legislature, as his attorney. On January 17, 1994, John A. Longoria filed a timely motion for legislative continuance of the trial setting. His motion was accompanied by his affidavit in which he verified that he was the attorney of record for appellant, that he was a duly elected member of the legislature, that he had been employed by appellant more than ten days prior to the trial, and that he intended to participate actively in the preparation and presentation of appellant's case. On February 10, 1995, the trial court denied Longoria's motion and set appellant's case for trial on February 17, 1995.

During appellant's trial, this court, on appellant's motion, issued two orders in which we took judicial notice of the facts that the legislature was in session and Longoria had met the statutory requirements for seeking a legislative continuance. We granted appellant's motion for leave to file his petition for writ of mandamus and ordered the trial court to immediately cease and desist from engaging in any further proceedings in appellant's case. The trial court refused to obey either of this court's orders and allowed the trial to continue to verdict and through the punishment phase.

TEX.CIV.PRAC. & REM.CODE ANN. § 30.003 (Vernon Supp.1995) provides as follows:

(a) This section applies to any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders.

(b) Except as provided by Subsection (c), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for the party is a member of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

(c) If the attorney for a party to the case is a member of the legislature who was employed within 10 days before the date on which the suit is set for trial, the continuance is discretionary with the court.

(d) The party seeking the continuance must file with the court an affidavit stating the grounds for the continuance. The affidavit is proof of the necessity for a continuance. The affidavit need not be corroborated.

(e) If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section.

(f) The continuance provided by Subsection (b) is one of right and may not be charged against the party receiving it on any subsequent application for continuance.

If properly requested, a legislative continuance is mandatory. *Amoco Production v. Salyer,* 814 S.W.2d 211, 212 (Tex. App.—Corpus Christi 1991, no writ). The trial court lacks any discretion in such a circumstance; instead, it serves a merely ministerial function. *Collier v. Poe,* 732 S.W.2d 332, 346 (Tex.Crim.App.1987).

The State asserts three grounds to support its contention that appellant's conviction should not be reversed based on the trial court's refusal to grant a legislative continuance. First, the State contends that because appellant failed to file a motion for new trial

raising the issue of the denial of his motion for legislative continuance, he has not preserved the error for appellate review.[1] We disagree. In order to preserve a complaint for appellate review, a party must present the court a timely motion stating the specific grounds for the desired ruling and obtain a ruling. TEX.R.APP.P. 52(a). In this case, appellant's attorney urged his motion for legislative continuance on two separate occasions. His motion was properly supported by his sworn affidavit. Shortly after learning that the trial court had in effect denied his motion and was indeed going to proceed with the trial, appellant filed a motion for leave to file a petition for writ of mandamus. Based on the measures taken by appellant preceding the denial of his motion and immediately thereafter, there was no requirement that he raise the issue in a motion for new trial in order to prevent waiver of the error. *See* TEX.R.APP.P. 30 ("[e]xcept to adduce facts not otherwise shown on the record, a motion for new trial is not a requisite to presenting a point of error on appeal"). Seldom do we find the need to review an error that has been dealt with at the trial stage by an appellate court. In this case, however, the trial court refused to obey this court's order staying the proceeding pending the outcome of appellant's writ of mandamus. In such a circumstance, we conclude without question that in objecting to the court's ruling and in seeking mandamus relief, appellant properly preserved the trial court's error for appellate review.

■ The State further contends that the Civil Practice and Remedies Code is not applicable in a criminal proceeding. Therefore, because Longoria's sole basis for seeking a continuance in this case was TEX.CIV.PRAC. & REM.CODE ANN. § 30.003, the court did not err in denying the legislative continuance. Again, we disagree. The first legislative continuance statute in Texas was enacted in

1929, and has since continued in some form. *See generally Collier*, 732 S.W.2d at 332 (tracing history of Texas legislative continuance statute). In 1949, the existing statute was amended to apply to "all suits, either civil or criminal or in matters probate." The Texas legislative continuance statute has been applicable to criminal cases since that time. The express language of the statute affirms its applicability in criminal cases. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 30.003 (Vernon Supp.1995) ("[t]his section applies to any criminal or civil suit ..."). Moreover, the Texas Court of Criminal Appeals has consistently applied the statute to criminal cases, most notably in *Collier*. *See Collier*, 732 S.W.2d at 332 (note cases cited therein). Given such obvious indication by the Court of Criminal Appeals that section 30.003 does indeed apply in criminal cases, we will not hold otherwise.

■ Finally, the State insists that the denial of a legislative continuance in this case should be subjected to a harmless error analysis. The express language of section 30.003 demonstrates the inapplicability of a harm analysis to violations of the statute. Not only does the legislature establish that the statute is mandatory, but it goes to the extent of pointing out that a properly requested legislative continuance is a matter of right and may not be subsequently charged against the requesting party on an application for continuance. TEX.CIV.PRAC. & REM. CODE ANN. § 30.003(f) (Vernon Supp.1995). If a legislative continuance is a matter of right, harm is irrelevant. Therefore, if the language of the statute is to be given effect, we must conclude that a harm analysis is inappropriate in this circumstance.

■ Not only does the legislature, through the language of the statute, indicate that section 30.003 is not subject to a harm analysis, but controlling case law affirms the inap-

1. In support of its contention, the State relies on several cases in which continuances were sought in order to procure the presence of defense witnesses. *See Varela v. State*, 561 S.W.2d 186, 191 (Tex.Crim.App.1978); *Benoit v. State*, 561 S.W.2d 810, 817 (Tex.Crim.App.1977); *Young v. State*, 384 S.W.2d 710, 711 (Tex.Crim.App.1964); *Duncan v. State*, 899 S.W.2d 279, 282 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd);

*Love v. State*, 730 S.W.2d 385, 401 (Tex.App.— Fort Worth 1987, no pet.). In such circumstances, a motion for new trial is a prerequisite to appeal so that the witness in question may testify as to his reasons for not being available at trial. *Id.* This type of situation is not analogous to the case at bar in which a mandatory statute is at issue and the attorney requiring the continuance urged the motion himself.

plicability of such an analysis. We recognize that, in certain circumstances, violations of mandatory statutes are prone to a harm analysis on appeal. *Arriaga v. State*, 804 S.W.2d 271, 274 (Tex.App.—San Antonio 1991, pet. ref'd). However, a harm analysis is not to be applied in situations in which the appellate record "will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Sodipo v. State*, 815 S.W.2d 551, 554 (Tex.Crim.App.1990); *see also Roberts v. State*, 784 S.W.2d 430, 435 (Tex.Crim.App. 1990) ("[i]n cases involving breach of many procedural statutes the record will contain no concrete data from which an appellant court can meaningfully gauge the likelihood that the error did or did not contribute to the conviction or punishment of the accused"). The legislative continuance statute is essentially prophylactic in nature. *See Sopido*, 815 S.W.2d at 554 (describing rule as prophylactic when trial court allowed no discretion). When dealing with such a statute it is difficult to determine whether the outcome of the trial was affected by the statute's violation. *Id.* If it is extremely difficult to determine whether violation of a mandatory statute affected the outcome of a case, then a harm analysis is not appropriate. *Matter of T.F.*, 877 S.W.2d 81, 82 (Tex.App.—Houston [1st Dist.] 1994, no writ); *see also Sopido*, 815 S.W.2d at 554–55 (citing *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984)). As such, we hold that a trial court's violation of TEX.CIV. PRAC. & REM.CODE ANN. § 30.003 is not subject to a harmless error analysis.

Even assuming a harm analysis was warranted in this circumstance, under the dictates of TEX.R.APP.P. 81(b), we are required to reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to appellant's conviction or punishment. In the present case, the appellant was forced to trial on a holiday weekend, the jury was given few breaks, and appellants attorney was unquestionably preoccupied and arguably unprepared. As such, the process, if not the outcome, of the trial was adversely affected. Under these circumstances, we can not conclude beyond a reasonable doubt that the

trial court's error in refusing to grant a legislative continuance was harmless.

As previously noted, when properly requested, a trial court is allowed no discretion in granting a legislative continuance based upon a mandatory statute. The court of criminal appeals has made it clear that the failure to grant a mandatory legislative continuance results in "automatic reversal." *Collier*, 732 S.W.2d at 346. Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings.

GREEN, J., concurs in result only.