## In re STARR PRODUCE COMPANY.

### No. 04–98–01059–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 10, 1999.

Rene O. Oliveira, Victor V. Vicinaiz, Lucila Alvarado, Roerig, Oliveira & Fisher, L.L.P., McAllen, for Appellant.

Jesus Maria Alvarez, Alvarez & Associates, P.C., Rio Grande City, Charles A. Nicholson, Law Office of Charles Nicholson, P.C., San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, and TOM RICKHOFF, Justice and CATHERINE STONE, Justice.

HARDBERGER, Chief Justice.

Starr Produce Company ("Starr Produce") seeks a writ of mandamus to compel the Honorable John A. Pope, III to grant a legislative continuance in a trial that was scheduled to commence on December 28, 1998. In the underlying lawsuit, Noel Bazan, Jr. and Eliza Montalvo are seeking damages for personal injuries sustained by Bazan as a result of being electrocuted while an employ-

ee of Starr Produce.[1] The trial court held that the due process exception to the mandatory legislative continuance was applicable and denied the continuance. We conclude that the trial court abused its discretion and conditionally grant the writ.

### Factual and Procedural History

The petition filed in the underlying lawsuit contends that Bazan sustained his injuries on or about January 23, 1996. On March 20, 1998, the parties entered into a docket control order, setting the cause for trial on November 30, 1998. On October 29, 1998, Starr Produce moved for a continuance based on their recent discovery that Bazan had been in a subsequent car accident that he failed to disclose to the defendants. On October 30, 1998, the trial court held a hearing on the motion and granted the continuance to December 28, 1998. During the hearing, counsel for Starr Produce, Victor Vicinaiz, objected to the new trial date because he had vacation planned. The trial court overruled his objection, stating that Vicinaiz had "plenty of people in [his] firm to take over."

In November, Starr Produce employed Rene O. Oliveria as counsel, and Starr Produce subsequently filed a motion requesting a legislative continuance. Oliveria's affidavit states that the date on which trial was set is within thirty days of the beginning of the General Session of the 76th Legislature. Oliveria further states that he would be attending the general session as a state representative, that he intended to participate actively in the case, and that he did not undertake the representation for the purpose of obtaining a continuance. During the hearing on the motion, Vicinaiz stated that Oliveria was the only other attorney with experience in his office that would be available for the trial date and reminded the court that he had objected to the December 28, 1998 trial date based on his planned vacation.

The plaintiffs contended that the due process exception to the mandatory continuance was applicable because they would suffer irreparable harm by the delay. Jesus Maria Alvarez, plaintiffs' counsel, testified that he was the only attorney who had been actively working on the case. Alvarez had been elected as a county court judge, and he was scheduled to take his oath of office on January 1, 1999. There was some question as to whether he would be permitted to continue representing the plaintiffs. He estimated that it would take another attorney between six to nine months to familiarize himself with the case. He further estimated that the case would take five days to try.

During cross-examination, Alvarez admitted that Bazan had not seen a doctor in approximately one and one-half years. He further admitted that Bazan was then working. In addition, testimony was elicited that the trial might not be completed by January 1, 1999, when Alvarez would be sworn to his judicial post. Questions were raised as to whether Alvarez would be permitted to continue his representation after that date. Finally, testimony was elicited that based on the plaintiffs' failure to answer certain discovery, a delay in the trial date might work to their advantage. Vicinaiz further argued that the delay in the trial could have been avoided if the first continuance had not been necessary based on Bazan's failure to provide information about his automobile accident.

The trial court denied the continuance, stating:

THE COURT: I find the circumstances indicated here meet the requirements of Waites versus Sondock in that the Bazan family are going to lose the services if this case is passed, then Mr. Alvarez will take his oath and become County Court at Law Judge. The size of the file, the matters that have taken place, this case will not be set for trial. I have already cases scheduled for trial up 'til November of '99. This case will not be first up until after November 99. Might be second might, be third. But it will not be first up, and so, the Bazans are going to have to just wait. I don't think that's right. I don't think it's fair. And if they tell me it's not right, that it's right, then it's on somebody—we're going to go to trial.

1. Both Starr Produce and the manufacturer of the motor control center panel or box that Bazan was attempting to remove were named as defendants in the lawsuit.

## DISCUSSION

If properly requested, a legislative continuance is mandatory. *Ojeda v. State,* 916 S.W.2d 609, 610 (Tex.App.—San Antonio 1996, pet. ref'd). The trial court lacks any discretion in such a circumstance; instead, it serves a merely ministerial function. *Id.*

The legislative continuance statute, section 30.003 of the Texas Civil Practice and Remedies Code, provides as follows:

(b) Except as provided by Subsection (c), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

(c) If the attorney for the party to the case is a member of the legislature who was employed within 10 days before the date on which the suit is set for trial, the continuance is discretionary with the court.

TEX. CIV. PRAC. & REM.CODE ANN. § 30.003 (Vernon 1997). Apart from the 10 day exception set forth in subsection (c) of section 30.003, which is not applicable in this case, a due process exception from the mandatory continuance requirement exists where the non-movant can show irreparable harm or injury to a substantial right. *Waites v. Sondock,* 561 S.W.2d 772, 776 (Tex.1977).

The trial court has discretion in determining whether the non-movant will suffer irreparable injury. *Cryer v. West,* 771 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). Among the factors the trial court must consider are the nature and urgency of the rights involved. *Id.* Whether an attorney is necessary to the cause or the extent of his participation is not relevant. *Amoco Production Co. v. Salyer,* 814 S.W.2d 211, 213 (Tex.App.—Corpus Christi 1991, orig. proceeding). The type of injury necessary for the due process exception to apply is an injury over and above the common inconvenience of delay—an injury that cannot be remedied later and can only be prevented by immediate access to the court. *Waites,* 561 S.W.2d at 774.

In *Waites,* the requested continuance would have prevented a mother from enforcing child support payments that she proved were critical to her ability to feed and support her children. 561 S.W.2d at 774. Under those facts, the court held that the due process exception would apply. *Id.* at 776. In reaching this conclusion, the Texas Supreme Court noted: "[A child] is one of the most fragile and easily damaged of all living creatures. His requirements must be met with dispatch if he is to survive or escape serious damage." *Id.* at 775 n. 3.

In *Condovest Corp. v. John Street Builders, Inc.,* 662 S.W.2d 138, 141 (Tex.App.—Austin 1983, no writ), the trial court denied a continuance based on testimony that the non-movant would lose the sale of two condominium units. The court of appeals affirmed, holding that the loss of the sale of about $400,000 was clearly a substantial right. *Id.* However, in *Amoco Production Co. v. Salyer,* 814 S.W.2d at 212–13, the court held that the loss of business opportunities did not rise to the level of irreparable harm necessary to come within the limited exception set forth in *Waites.*

In this case, the only loss asserted by the plaintiffs is the loss of the services of their attorney based on his inability to continue his representation after January 1, 1999. However, there was evidence that if the trial commenced on December 28, 1998, it would not be complete by January 1, 1999, and the plaintiffs would still be left without representation. Furthermore, the plaintiffs' attorney testified that another attorney could be ready for trial within six to nine months. Since the trial judge stated that the plaintiffs could not be given another trial date until after that period of time, a substitute attorney could be available upon the next available trial date. Therefore, the plaintiffs have not proven that their alleged injury cannot be remedied later or that their injury is more than common inconvenience. The plaintiffs introduced no evidence that Bazan would be deprived of proper medical treatment; in-

stead, the record shows that he has not seen his doctors in over one and one-half years, and he is working. There is no evidence that the delay will in any way affect the plaintiffs' livelihood.

We understand the trial court's frustration in this case. Starr Produce appears to have undermined the effectiveness of the trial court's docket control order to ensure that its attorney could take his planned vacation. Nevertheless, both the trial court and this court are bound by the unbending dictates of the legislative continuance statute. Whether additional restrictions should be imposed on the mandatory continuance to prevent perceived abuses is a subject for the legislature, not this court. *Amoco Production Co. v. Salyer*, 814 S.W.2d at 213.

Given the evidence presented, we cannot conclude that the trial court properly exercised its discretion in applying the due process exception to the legislative continuance statute. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (clear failure by the trial court to apply the law correctly will constitute an abuse of discretion). We therefore conditionally grant Starr Produce's petition for writ of mandamus. The writ shall issue only upon certification to this court that Judge Pope has failed to vacate his order within twenty days from the date of this opinion.

Concurring opinion by TOM RICKHOFF, Justice.

TOM RICKHOFF, Justice, concurring.

First, I must confess that I am predisposed to be against this legislative perk, for reasons completely outside this record. In Bexar County during the 1970s legislative continuances were so common they enjoyed a set price. I sucessfully campaigned (some would say demagogued) against their overuse, contending they were usually unnecessary and often contrary to justice. Having examined many, I have yet to find a necessary request for a legislature continuance. Yet the Legislature, evidently believing their lawyer/members will confront troublesome jurists, provides this mandatory benefit of office and we are left with the due process

exception. Since the stated objective in this record are that the opposing "attorney will have spent countless hours and money preparing for this trial and wherein Mr. Bazan has asked to be excused from work ..." we do not have a due process situation. Through I am most reluctant to interfere with this trial court's evident diligence in managing his docket, on this uncompelling record I must concur.