## In re NORTH AMERICAN REFRACTORIES COMPANY.

No. 09–01–270–CV.

Court of Appeals of Texas, Beaumont.

Submitted July 16, 2001.

Decided Nov. 29, 2001.

D. Ferguson McNiel, Vinson & Elkins, L.L.P., Houston, for relator.

John Werner, Glen W. Morgan, Reaud, Morgan & Quinn, Inc., Beaumont, for real party in interest.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION ON REHEARING

RONALD L. WALKER, Chief Justice.

In response to a motion for rehearing filed by the real parties in interest, we withdraw our opinion of August 30, 2001, and substitute the following in its place.

North American Refractories Company ("NARCO") seeks a writ of mandamus to compel the Honorable Patrick A. Clark, judge of the 128th District Court of Orange County, Texas, to grant a continuance of a trial originally scheduled to commence on June 25, 2001. The underlying asbestos products liability suit involves over 4000 plaintiffs. This particular trial affects ten plaintiffs[1] designated as the trial group by plaintiffs' counsel on June 11, two weeks before trial was to begin. NARCO filed its motion for continuance on June 19, on the grounds that lead counsel had a timely vacation letter on file for the week of June 25 and on the grounds that discovery was incomplete. The trial court denied the motion on June 22.

---

1. The real parties in interest have been identified as Jim Amison, Jr., Tony Houston Belle, Sr., Richard Deed, George Dudley, Dock Shaheen Farris, Johnnie Hughes, Joe Daniel Miles, Gene Tunney Saulters, Melvin Curtis Story, and Mardis Bryan Wallis, Jr.

■ The relator now suggests the petition may be moot because the week of June 25 passed while our stay order was in effect and before we ruled on the issue before us. Nevertheless, the act complained of in the petition is arguably "capable of repetition yet evading review." *See General Land Office of the State of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990). More importantly, the real parties in interest have requested sanctions be imposed upon NARCO for filing a groundless petition for purposes of delay. *See* Tex.R.App. P. 52.11. We must determine whether the petition has merit even though the original June 25 trial setting has passed.

■ Although mandamus is generally not available to review the denial of a motion for continuance, *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997), mandamus will issue to enforce the trial court's ministerial duty to grant a mandatory continuance. *Amoco Prod. Co. v. Salyer*, 814 S.W.2d 211, 212–13 (Tex. App.—Corpus Christi 1991,. orig. proceeding). Appellate courts have ordered trial judges to honor legislative continuances, for example. *Collier v. Poe*, 732 S.W.2d 332, 346 (Tex.Crim.App.1987); *In re Starr Produce Co.*, 988 S.W.2d 808, 811–812 (Tex.App.—San Antonio 1999, orig. proceeding); *Salyer*, 814 S.W.2d at 213.

■ Legislative continuances are subject to mandamus because a statute makes them mandatory. *Mora v. Ferguson*, 145 Tex. 498, 199 S.W.2d 759, 762–63 (1947); *see* Tex. Civ. Prac. & Rem.Code Ann. § 30.003 (Vernon 1997). We must decide whether a similarly mandatory law applies in this case. Normally, absence of counsel is not good cause for a continuance, but a continuance may be granted in the discretion of the judge. Tex.R. Civ. P. 253. In this case, however, relator relies on a local mandatory rule approved by the Texas Supreme Court. Trial courts are governed by local rules approved by the Texas Supreme Court. Tex.R. Civ. P. 3a. The real parties in interest do not challenge the local rule. Rule 11 of the Regional Rules of Administration for the Second Administrative Judicial Region of Texas provides:

Rule 11: Attorney Vacations

a. DESIGNATION OF VACATION. Subject to the provision of subparts b and c of this rule, an attorney may designate not more than four weeks of vacation during a calendar year as vacation, during which that attorney will not be assigned to trial or required to engage in any pretrial proceedings. This rule operates only where lead counsel, as defined by T.R.C.P. 8, is affected, unless the trial court expands coverage to other counsel.

b. SUMMER VACATIONS. Written designation for vacation weeks during June, July, or August must be filed with the district clerk by May 15. Summer vacation weeks so designated **will protect** the attorney from trials during those summer weeks, **even if an order setting the case for trial was signed before the vacation designation was filed.**

c. NON–SUMMER VACATIONS. Written designations for vacation in months other than June, July, or August must be filed with the district clerk by February 1. Non-summer vacation weeks may not run consecutively for more than two weeks at a time. Non-summer vacation weeks so designated will not protect an attorney from a trial by an order signed before the date the designation is filed. (emphasis added).

■ The Supreme Court approved the adoption of this rule pursuant to its rule-making authority. *See* Misc. Docket No. 96–0006 (Tex. January 3, 1996); *see* TEX. CONST. art. V, § 31; TEX. GOV'T CODE ANN. §§ 74.021; 74.046(1), 74.048(c) (Vernon 1998); TEX.R. CIV. P. 3a. Under proper circumstances, a trial court's violation of a local mandatory rule may be corrected through mandamus. *See Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex.1991). In this case, the rule expressly provides that a vacation letter filed by May 15 will protect the lead attorney from trial during the designated weeks, even if the order setting the case for trial was signed before the letter was filed. The rule is mandatory and precludes the exercise of discretion that would otherwise reside with the court.

The real parties in interest cite *Siegler v. Williams,* 658 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1983, no writ), in support of their argument that NARCO failed to exercise diligence in obtaining a continuance. In *Siegler v. Williams,* the court found the right to a continuance was waived by co-counsel's agreement to a preferential setting **after** a vacation letter was filed. *Id.* NARCO's counsel, on the other hand, did not act in a manner inconsistent with his reliance on his timely filed vacation letter. Furthermore, in *Siegler,* after agreeing to the preferential setting, the party did not appear for trial and did not file a motion for continuance based on the vacation letter. *Id.* at 238. Here, relator did file a proper motion for continuance based in part on the vacation letter and the mandatory language of Rule 11. Once the motion was filed invoking the rule, the trial court had no discretion to ignore the mandatory language in the rule.

The real parties in interest do not contend that denial of the June 25 trial setting deprived them of due process. *See Waites v. Sondock,* 561 S.W.2d 772, 776 (Tex. 1977). Absent a due process exception, the trial court had a ministerial duty to grant the continuance in compliance with the local rules of procedure.

The real parties in interest also rely on *Cezeaux v. Libby,* 539 S.W.2d 187, 190 (Tex.Civ.App.—Beaumont 1976, no writ), which held that the appellant failed to demonstrate either an abuse of discretion or harm from the denial of a motion for continuance based upon a vacation letter. *Cezeaux* pre-dates the adoption of Rule 11. After the adoption of the rule, with its clearly mandatory language, it cannot reasonably be stated that honoring a vacation letter remains a matter of court discretion. Also, the harm in the refusal to honor a vacation letter inures not to the litigant, but to his counsel, who must attend the trial or face professional censure. Because the trial court's arbitrary refusal to recognize counsel's vacation letter cannot be remedied on appeal, mandamus will be issued to prevent the violation of the rule.

Secondly, the relator contends, both in its motion for continuance and its petition for writ of mandamus, a continuance is necessary in order to conduct additional pre-trial discovery. Since the trial must be reset, the discovery issue should be considered by the trial court in light of the new trial setting.

We conclude that the trial court abused its discretion by denying the relator's first motion for a continuance. Because the case was not tried the week of June 25, 2001, however, we need not order the trial court to grant the continuance from that trial setting. We decline to conditionally grant the writ of mandamus solely for that reason. We are confident that the trial court will follow the principles set forth in this opinion should these circumstances be repeated. We are also confident that the trial court will grant sufficient time for additional discovery should the need be

demonstrated when a new trial date is set. The stay order is lifted.

The motion for sanctions of the real parties in interest is denied.

WRIT DENIED; STAY ORDER LIFTED; MOTION FOR SANCTIONS DENIED.