**In re Linda SMART.**

**No. 04–02–00905–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 22, 2003.

George M. Fleming, Anita Kawaja, G. Sean Jez, Rand P. Nolen, Sylvia Davidow, Fleming & Associates, L.L.P., Mike O'Brien, Mike O'Brien, P.C., Houston, Charles L. Barrera, Barrera & Barrera Law Firm, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, P.C., Alice, for appellant.

J.A. "Tony" Canales, Canales & Simonson, P.C., Corpus Christi, Patricia A. Dean, Steven G. Reade, Ryan Guilds, Sean Laane, Arnold & Porter, Washington, DC, Philipa M. Remington, Russell G. Thornton, Michael A. Yanof, Stinnett Thiebaud & Remington L.L.P., Dallas, Gabriella S. Canales, John Charles Lemon, Lemon & Gonzalez–Lemon, L.L.P., Alice, Patrick DeLaune, Kenneth Ferguson, David C. Duggins, Clark, Thomas & Winters, P.C., Austin, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Chief Justice.

On December 12, 2002, relator, Linda Smart, filed a petition for writ of mandamus complaining of the trial court's setting aside an order prohibiting additional counsel and for granting a legislative continuance. Smart also filed a motion for temporary relief asking this Court to prevent respondent from taking any action that would hinder the matter going to trial on December 16, 2002. In two issues, Smart contends that respondent abused his discretion for purposes of mandamus by setting aside the order prohibiting the addition of new counsel shortly before trial and granting a legislative continuance. Because Smart essentially complains of respondent's decision to grant a continuance on this matter, we conclude that she is not entitled to the relief sought. *See* Tex. R.App. P. 52.8(a).

### BACKGROUND

Smart opted out of a class action federal lawsuit involving the diet drug Phen–Fen to sue American Home Products Corporation and its division Wyeth–Ayerst Laboratories ("Wyeth") in Texas. On November 12, 2002, a pre-trial hearing was held where Judge Terry Canales, presiding judge of the 79th Judicial District Court, rendered an order prohibiting the parties

from adding counsel given a close trial date. Respondent determined that a jury should be empaneled for December 13, 2002. At the hearing, plaintiff's counsel raised his concern that defense counsel would possibly be adding new counsel who may be a legislator and seek a legislative continuance. When defense counsel was confronted with this possibility the following exchange occurred:

THE COURT: Well, I wanted him [defense counsel] to be here, because he is to—he is generally the lead counsel in the case. I don't know who is in charge, but the Court is going to, from the bench, render an order today that the joinder of additional counsel is no longer permissible.

MR. CANALES [defense counsel]: What brought that up?

MR. O'BRIEN [plaintiff's counsel]: Just checking.

THE COURT: He doesn't trust you. He thinks you are going to go talk to Vilma or somebody like that and get a legislative continuance.

MR. CANALES: Why would I want to do something like that?

THE COURT: That's what I said. I don't believe it.

MR. CANALES: I've done it before.

(LAUGHTER)

MR. CANALES: I mean, I'm not denying it. I've done it before—I used to have Bob Dale's—Bob Dale's motions inside his pocket.

THE COURT: We're going to—the Court is going to order that we're to use counsel as of today. We're not going to be changing lawyers.

MR. O'BRIEN: Fair enough.

THE COURT: Okay. Fair enough.

MR. CANALES: We're not changing lawyers.

THE COURT: Or adding.

MR. O'BRIEN: Thank you, Your Honor.

MR. CANALES: We had—we had no plans Judge, of adding a legislator to this case.

THE COURT: You know how people can be naturally suspicious.

MR. CANALES: There's no reason. There's no basis—well, there is basis in fact.

(LAUGHTER)

MR. CANALES: But if you would have asked me, I would have just told him on the spot, "[N]o, we don't plan to do it at this time, in this case today."

THE COURT: I understand, but what if your employer had insisted.

MR. CANALES: We'd do it.

THE COURT: Okay. I wouldn't have anything to do with what you plan on doing. They tell you, "Hey—"

MR. CANALES: I'd do it. There's nothing—as long as it's not unlawful, Judge. The state allows it at the present time, Judge, I understand the court's ruling.

THE COURT: I'm not saying—I'm not saying that the legislative continuance is inappropriate I'm just limiting counsel.

MR. CANALES: Didn't you file with some when you were a legislator?

THE COURT: Probably not.

MR. CANALES: You probably did.

THE COURT: I didn't have any cases

MR. CANALES: Yes, you did. Yes, you did.

(LAUGHTER)

MR. CANALES: You did it yourself.

THE COURT: Maybe you should go talk to Gabi.

(LAUGHTER)

MR. O'BRIEN: The Court's ready to make a ruling.

MR. CANALES: I think you've—I'll go talk to Gabi.

THE COURT: I don't know if that's—

MR. CANALES: Done deal. It's over. Don't even need to discuss it anymore. I'll go talk to her.

MR. O'BRIEN: Thank you, Your Honor.

THE COURT: That's not even humorous.

(LAUGHTER)

The "Gabi" referred to in the record is Gabriella Canales an attorney and respondent's daughter. The record reflects that Ms. Canales was elected to the Texas State Legislature in November 2002 and was sworn in on January 14, 2003. She was retained by Wyeth shortly after the hearing.

As a result of Ms. Canales's retention, a hearing was held on November 25, 2002. At that time respondent acknowledged that he had ordered that the parties were prohibited from adding counsel. Initially, respondent was under the impression that his daughter would personally be working on the case. However, Wyeth informed the court that Ms. Canales would be entering an appearance in the case because of her "significant important contribution . . . to the case on behalf of [Wyeth]." In particular, Wyeth noted Ms. Canales's "standing in the community." Respondent then noted he needed to recuse himself from the case. Wyeth filed a motion to recuse on November 25, 2002. That motion was heard by visiting Judge Mike Westergren and denied on the basis that an issue remained on whether respondent's prior order prohibiting the addition of new counsel was proper.

On November 27, 2002, Wyeth filed a motion to set aside the order prohibiting additional counsel and for a legislative continuance. Smart responded. On December 9, 2002, a telephonic hearing was conducted between all parties with Judge Westergren presiding. Ms. Canales was present at that hearing. At the hearing, she admitted she was a member-elect of the Texas Legislature and that she would be sworn in on January 14, 2003. Finding that Ms. Canales's status was dependent upon membership status as opposed to actually taking office, Judge Westergren granted the motion for a legislative continuance filed by Wyeth and set aside respondent's prior order. This mandamus ensued.

## STANDARD OF REVIEW

■ A mandamus will issue to correct a clear abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex.1996); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). In reviewing a trial court's decision regarding the facts, the reviewing court cannot substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. A relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the appellate court would have decided the issue differently, it cannot disturb the trial court's decision unless it was arbitrary and unreasonable. *Id.* A relator must also show that she does not have any remedy at law that is adequate. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex.1998).

## ANALYSIS

■ Smart asserts that the trial court abused its discretion because Wyeth (or Wyeth's counsel) was equitably estopped from changing its position that it would not change or add new counsel as represented at the November 12, 2002 hearing. We are unpersuaded by this argument given the fact that a trial court has discretion to set aside prior orders on the basis of

changed circumstances. In setting aside an order, a trial court may very well raise the ire of one party who may be inconvenienced or even placed at a disadvantage.[2] However, such grounds do not establish that the trial court abused its discretion for purposes of mandamus. Accordingly, we overrule Smart's first issue.

In her second issue, Smart contends that respondent abused his discretion for purposes of mandamus by granting Wyeth a legislative continuance because Ms. Canales is technically not a member at the time of the hearing, but rather a member-elect of the Texas Legislature. The record reveals Wyeth's questionable misuse of the legislative continuance statute. We agree with Smart that respondent abused his discretion in granting a legislative continuance under the circumstances presented in this case. However, we deny the petition because Smart has an adequate remedy at law.

■ A writ of mandamus will issue to compel the performance of a ministerial act or duty. *Walker,* 827 S.W.2d at 839. An act is ministerial where the law clearly spells out a duty to be performed by a public official with such certainty that nothing is left to the official's discretion. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). A trial court is under the ministerial duty to grant a legislative continuance when the statutory criteria are met. *See In re Starr Produce Co.,* 988 S.W.2d 808, 812 (Tex.App.-San Antonio 1999, orig. proceeding); *Ojeda v. State,* 916 S.W.2d 609, 610 (Tex.App.-San Antonio 1996, pet. ref'd).

■ Section 30.003 of the Texas Civil Practice and Remedies Code provides the following:

> (b) Except as provided by subsection (c), at any time within 30 days of a date when the legislature is to be in session, any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

TEX. CIV. PRAC. & REM.CODE ANN. § 30.003 (Vernon 1997). Subsection (c) provides a due process exception from the mandatory continuance where the non-movant can show irreparable harm or injury to a substantial right. *See In re Starr Produce Co.,* 988 S.W.2d at 808. The type of injury necessary for this exception to apply is injury over and above common inconvenience or delay. *Id.* In other words, an injury that cannot be remedied and can only be prevented by immediate access to court. *Id.* The due process exception is not applicable here as Smart has failed to assert it and because the circumstances as reflected in the record fail to support anything more than common inconvenience or delay.

■ In support of her argument that respondent abused his discretion for purposes of mandamus, Smart argues that respondent erred in granting the motion for legislative continuance outside the

**2.** Smart argues that she was harmed by respondent's actions because her counsel has spent "valuable time and resources interviewing witnesses and experts, taking depositions, preparing pre-trial motions conducting research on possible legal issues and preparing

direct and cross examination of potential witnesses." We recognize counsel's hard work in preparing for trial. However, we would note that such work product can still be used for a trial at a later date.

mandatory time frame. We agree. The Legislatures's intent under section 30.003 was to create a window of time that begins thirty days before session and ends thirty days after session in which a legislator may seek a continuance. *See First Interstate Bank of Texas, N.A. v. Burns,* 951 S.W.2d 237, 241 (Tex.App.-Austin 1997, no pet.). During that time frame, when an application for legislative continuance is made, the trial court must grant it. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 30.003(b) (Vernon 1997). In the instant matter, the first legislative session would begin on January 14, 2002. The thirtieth day from when the Legislature would be in session fell on December 16, 2002. The record reflects respondent granted the legislative continuance on December 9, 2002. Accordingly, respondent granted the motion outside the thirty-day window of section 30.003 of the Texas Civil Practice and Remedies Code. Respondent was not under the ministerial duty to grant the legislative continuance.

In reviewing the trial court's determination of the law, we are not as deferential to its decisions regarding facts. *See Walker,* 827 S.W.2d at 840. A trial court has no discretion to misinterpret the law or misapply the law. *See id.* Thus, a clear failure to analyze the law or apply the law correctly constitutes an abuse of discretion. *See id.* In the instant matter, respondent misapplied the law regarding a legislative continuance. Accordingly, respondent abused his discretion.

While we may agree that respondent abused his discretion in granting the legislative continuance, we cannot grant Smart's petition. Smart must show that she does not have an adequate remedy at law. *In re Union Pac. Res. Co.,* 969 S.W.2d at 428–29. An appellate remedy is not inadequate merely because it involves more expense or delay than a writ of mandamus. *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999). Smart fails to argue or show that she has no adequate remedy at law. The instant matter can be compared to a party who has been adversely affected by an ordinary continuance. Respondent's decision to continue the proceedings, although erroneously based, amounts to no more than mere delay. Smart can complain of the trial court's error on appeal. Accordingly, we overrule Smart's second issue and deny the petition.

CONCLUSION

We agree with Smart that the record reflects Wyeth engaged in, at the very least, questionable conduct by using the tactical advantage the legislative continuance statute provides. And, while it may have been in jest, we question the appropriateness of the exchange between respondent and defense counsel regarding the retaining of additional defense counsel who is a legislator-elect at the November 12, 2002 hearing. However, because Smart has an adequate remedy on appeal, we deny the petition for writ of mandamus.