Petition for Writ of Mandamus Denied and Memorandum
Opinion filed September 3, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00653-CV

____________

 

IN RE KRISTOPHER THOMAS KASTNER, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator, Kristofer Thomas Kastner, has filed a petition for
writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator asked this court to compel the
Honorable William R. Burke, Jr., presiding judge of the 189th District Court of
Harris County, to lift the order staying discovery and set a hearing on relator=s amended affidavit of indigence.








Relator filed suit against The Kroger Company, and its
manager, Melinda Coombs over one year ago, on or about July 28, 2008, in cause
number 2008‑45365 in the 189th District Court.  According to relator, his
petition was accompanied by an affidavit of indigence, which is not included in
the record filed with this petition.  According to relator, the trial court
sustained a contest to relator=s affidavit by order signed October 3, 2008.   The order
sustaining the contest is also not a part of this mandamus record.  Relator
attempted to bring an interlocutory appeal of that order, but the appeal was
dismissed for want of jurisdiction.  See Kaster v. The Kroger Co., No.
14-08-01001-CV, 2009 WL 943941 (Tex. App.CHouston [14th Dist.] April 9, 2009,
pet. filed).

Relator asserts that he has filed amended affidavits of
indigency on June 19, 2009, and July 13, 2009, but the trial court has not
considered the amended affidavits.  Relator asserts that the trial court has
ordered discovery stayed, and therefore, no contest to the amended affidavits
may be filed during the abatement period.  The record before this court does
not contain a sworn copy of the discovery stay order about which relator
complains.  See Tex. R. App. P. 52.3(k)(1) (requiring the appendix to
the petition for writ of mandamus to contain a certified or sworn copy of any
order made the basis of the complaint).  A pro se litigant is held to the same
standards as licensed attorneys and must comply with applicable laws and rules
of procedure.  Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184‑85
(Tex. 1978).  This court cannot review relator=s complaint in the absence of the
challenged order.

Mandamus relief is an extraordinary remedy that issues only
if the court clearly abused its discretion and the relator has no adequate
remedy by appeal.  In re Sw. Bell Tel. Co., 235 S.W.3d 619, 623 (Tex.
2007).  An appellate remedy is adequate when any benefits to mandamus review
are outweighed by the detriments.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135‑36 (Tex. 2004) (orig. proceeding).  We are to carefully
balance jurisprudential considerations to determine when to use original
mandamus proceedings to review the actions of lower courts.  Id. at
136.  Whether an appellate remedy is adequate so as to preclude mandamus review
depends heavily on the circumstances presented.  Id. at 137.








Incidental pre‑trial rulings are rarely subject to
interlocutory review by an appellate court.  See Abor v. Black, 695 S.W.2d
564, 566 (Tex. 1985).  Generally, appellate courts have considered the
erroneous grant of a stay to be an incidental trial ruling for which there is
an adequate remedy by appeal.  See, e.g., In re Smart, 103 S.W.3d 515,
521 (Tex. App.CSan Antonio 2003, orig. proceeding); see also In re Kastner, No.
01-09-00727-CV (Tex. App.CHouston [1st Dist.] Aug. 27, 2009) (orig. proceeding) (mem.
op.)(denying relief from similar stay order).  

When the trial court has sustained a contest to an affidavit
of indigence filed pursuant to Texas Rule of Civil Procedure 145, the court
typically dismisses the case, finding the allegation of poverty is false and/or
the case is frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. '13.001 (Vernon 2002).  The court may
make its determination and dismiss the action sua sponte, either before
or after service.  Id. '13.001(c).  The purpose of section 13.001 is to ensure that
limited resources are employed as efficiently as possible to resolve arguable
claims and that claims without merit are dismissed at an early stage in the
proceedings.  Black v. Jackson, 82 S.W.3d 44, 53 (Tex. App.CTyler 2002, no pet.); Pedraza v.
Tibbs, 826 S.W.2d 695, 698 (Tex. App.CHouston [1st Dist.] 1992, writ dism=d w.o.j.).

Thus, the legislature has provided a procedure for appellate
review of indigence claims.  In this case, relator has not demonstrated that an
appeal is inadequate to review the trial court=s ruling.  We conclude that relator
has not established that he is entitled to an extraordinary remedy. 

Accordingly, we deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

Panel
consists of Justices Yates, Frost and Brown.