**CONDITIONALLY GRANT and Opinion Filed March 10, 2023**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00070-CV

## IN RE JERRAL W. JONES, Relator

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-06306**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Reichek

In this original proceeding, relator Jerral W. Jones, respondent in a proceeding to adjudicate parentage under the Texas Uniform Parentage Act, challenges the trial court's denial of his counsel's application for a legislative continuance. For the reasons set out below, we conclude the trial court abused its discretion by denying the application. Accordingly, we conditionally grant Jones's petition for writ of mandamus.

## BACKGROUND

Alexandra Davis filed the underlying petition to establish the parent-child relationship between her and Jones. State Senator Royce West[1] has served as one of Jones's attorneys since the inception of this lawsuit. West has participated in the preparation and presentation of Jones's defense, including appearing on Jones's behalf at every hearing held by the trial court.

Davis filed a motion for genetic testing, which Jones opposed. A hearing on the motion was held by the associate judge, who granted the motion on December 22, 2022. The next day, Jones appealed the associate judge's ruling and requested a de novo hearing before the district court. Meanwhile, the 88th Texas Legislative Session was set to convene on January 10, 2023, in Austin, Texas. On January 6, 2023, Jones filed an application and motion for legislative continuance pursuant to Texas Civil Practice and Remedies Code § 30.003 that was supported by an affidavit signed by West. The affidavit explained that West (1) would attend the upcoming legislative session, (2) intended to actively participate in the preparation and presentation of Jones's case once the session adjourned, and (3) did not undertake Jones's representation for the purpose of obtaining a legislative continuance. Davis did not file a response, and the trial court did not hold a hearing on the application.

---

[1] Senator West represents the 23rd Senatorial District in the Texas Legislature.

On January 17, 2023, the court coordinator sent an email to counsel stating "[t]he above-referenced matter[2] is set for a 10 min. de novo conference on 1/24 at 8:30 via zoom. Please be advised that this is a conference only with Judge Jackson and within her discretion to set a de novo hearing." The record shows that a proposed order granting the legislative continuance was marked by the trial court as "DISAPPROVED: CONFERENCE SET FOR JANUARY 24, 2023." In addition, the trial court's docket sheet shows "Proposed Order Denied" and an "Appeal – Conference" with a "hearing time" of 8:30 a.m. on January 24. Jones sought mandamus review and a stay of proceedings. We stayed the January 24 conference and all further proceedings pending resolution of this original proceeding.

## ANALYSIS

To be entitled to the extraordinary remedy of mandamus, Jones must show both that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). If properly requested, a legislative continuance is mandatory. *Ojeda v. State*, 916 S.W.2d 609, 610 (Tex. App. – San Antonio 1996, pet. ref'd). The trial court lacks any discretion in such a circumstance and instead serves a merely ministerial function. *In re Starr Produce Co.*, 988 S.W.2d 808, 811 (Tex. App. – San Antonio 1999, orig. proceeding). A party has no adequate remedy

---

[2] The "above referenced matter" was the cause number in the proceeding to adjudicate parentage.

–3–

by appeal when a trial court abuses its discretion by denying a motion for legislative continuance. *In re Ford Motor Co.*, 165 S.W.3d 315, 321–22 (Tex. 2005) (orig. proceeding).

## A. Jurisdiction

Davis did not oppose Jones's application for legislative continuance in the trial court and does not challenge Jones's entitlement to one in this original proceeding. Instead, Davis argues this Court is without jurisdiction because the trial court has not yet ruled on Jones's application. We disagree. Rather than signing the proposed order granting the legislative continuance, the trial court added text at the top stating "DISAPPROVED: CONFERENCE SET FOR JANUARY 24." The record contains a corresponding docket entry of "Proposed Order Denied."

Even if the trial court did not explicitly deny Jones's application, it implicitly did so, making Jones's complaint ripe for appellate review. TEX. R. APP. P. 33.1(a)(2)(A); *see In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) ("By proceeding to trial without issuing a bench warrant, it is clear that the trial court implicitly denied Thompson's request."); *see also In re A.W.*, 302 S.W.3d 925, 928 (Tex. App.— Dallas 2010, no pet.) ("The trial court did not rule on any of Williams's motions to appear by bench warrant or by alternative means. However, by signing the divorce decree without addressing those motions, the trial court implicitly denied them."). In addition to marking the proposed order "DISAPPROVED," the trial court set a hearing to occur on January 24, which was after the beginning of the legislative

–4–

session. The email from the court coordinator stated the "conference" was de novo in nature, suggesting it was in reference to Jones's motion for de novo review of the associate judge's ruling on Davis's motion for genetic testing. This is supported by the docket entry for the conference, which described it as an "appeal." These actions are inconsistent with the relief requested by Jones in his application for legislative continuance. Accordingly, we conclude the trial court at least implicitly denied Jones's application. *Stauder v. Nichols*, No. 01-08-00773-CV, 2010 WL 2306385, at *5 (Tex. App.—Houston [1st Dist.] June 10, 2020, no pet.) (mem. op.) (by proceeding to submission of motion for summary judgment court implicitly denied appellants' request for a continuance).

## B. Texas Civil Practices and Remedies Code § 30.003

Section 30.003(b) of the Texas Civil Practice and Remedies Code provides,

> Except as provided by Subsections (c) and (c-1), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member or member-elect of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(b). Subsection (c) provides the only circumstance where the decision to grant a legislative continuance is discretionary in a civil case, and that is when the attorney-legislator was employed within 30 days of a trial setting. The party seeking the continuance must file an affidavit stating the grounds for the continuance, which constitutes "proof of the necessity for a

continuance" and "need not be corroborated." *Id*. § 30.003(d). The affidavit must contain "a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section." *Id*. § 30.003(e). The statute makes it clear that a legislative continuance is one of right. *Id*. § 30.003(f).

When a lawyer-legislator is retained more than 30 days before the date a civil case is set for trial, a trial court lacks discretion to deny a properly requested motion for legislative continuance. *In re Ford Motor Co.*, 165 S.W.3d at 317–18. In this case, West was retained more than 30 days before the date of trial and the application supported by West's affidavit was made within 30 days of the start of the legislative session. The application also set forth all the information required by section 30.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003. Because Jones's application for legislative continuance met the statutory requirements, the trial court was without discretion to deny the application. *See In re Ford Motor Co.*, 165 S.W.3d at 319.

We conclude the trial court abused its discretion by denying Jones's application and motion for legislative continuance. We further conclude Jones has no adequate remedy by appeal. We lift the stay imposed by order dated January 23, 2023, conditionally grant Jones's petition for writ of mandamus, and direct the trial court to grant the application.

The writ will issue only if the trial court fails to comply.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230070F.P05